OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the case remitted to that court for determination of questions of fact.
 

 The trial court charged the jury that they could award punitive damages if they found that the conduct of the utility company “was either wanton and reckless or it was malicious”, and that “a malicious act would be one where the [defendant] knows that the plaintiff had certain rights and [it] deliberately interferes with those rights”. Inasmuch as defendant took no exception to this charge and made no request with reference to its subject matter, it became the law of this case. We accordingly had no occasion to address the appropriateness of the charge as an expression of the law applicable to the awarding of punitive damages.
 

 The jury was also instructed, without exception or request, that, while the utility company had the right to enter upon plaintiffs’ premises and to discontinue service without prior notice if its customer was taking service through a tampered meter (as was indisputably the case here),
 
 *
 
 the
 
 *843
 
 customer had the right, under section 15 of the Transportation Corporation Law and the pertinent tariff rules, to five days’ notice prior to discontinuance of service for nonpayment for service rendered. Proof was introduced that when the employees of the utility company cut off electrical service to remove the “jumper”, they stated that the current would be off for 15 to 20 minutes. When they left after fixing the meter, however, they informed the individual plaintiff that electricity would be restored after he paid for the electricity he had been receiving. Shortly thereafter he was similarly told by the supervisor of the utility’s property protection unit that power would be restored when “you pay what you owe us”. The next morning, after plaintiff had signed an agreement presented to him by the utility company promising to pay $6,400, half of which he then paid, electrical service was restored, some 20 hours after it had been discontinued. This evidence was sufficient to warrant the jury in finding that the utility company knew that plaintiffs had the right to five days’ advance notice prior to any discontinuance of service for nonpayment, that while the initial interruption of service without notice for tampering may have been warranted, the continued withholding of service after the jumper had been removed was for nonpayment and without notice, and accordingly that defendant, knowing of plaintiffs’ rights, had deliberately interfered with them, thus entitling the corporate plaintiff to an award of punitive damages.
 

 Inasmuch as the reversal at the Appellate Division was on the law, the case must be remitted to that court for determination of questions of fact (CPLR 5613).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.
 

 *
 

 The charge can also he read as instructing the jury that this right of the utility company existed only if it was the particular customer who had tampered with the meter. Inasmuch as it was not disputed that the jumper in this case antedated plaintiffs’ ownership of the premises, the jury could also have found that the utility company was not authorized in this instance even to discontinue service for tampering. This, too, then might have provided a predicate for the verdict in favor of plaintiffs.