OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The issue here is whether jury verdicts finding defendant General Motors Corp. liable to plaintiffs on negligence causes of action but not liable on strict liability claims were inconsistent. Given the manner in which the case was presented to the jury, it cannot be said that there was an inconsistency.
*805 This action arose out of an accident that occurred on January 8, 1972 in Rockland County. Gary Manglass, driving alone in a Chevrolet Nova owned by his wife, Janice, made a left turn at a high rate of speed. His car began to weave and struck another car head-on. The crash injured Manglass and the occupants of the other car, Bev- . erly and Margo McElroy and Joanna and Jo Anne Barry. Ultimately, a jury found defendants Manglass and GM liable to the Barrys and McElroys on the negligence causes of action, but found GM not strictly liable. On the negligence claims, the jury apportioned fault 35% to Gary Manglass and 65% to GM. The jury also found against GM for the value of the Nova on Janice Manglass’ negligence and breach of warranty claims.
Before the jury was discharged, GM argued that the verdicts on the strict products liability and negligence causes of action were inconsistent. Inasmuch as an inconsistency exists only when a verdict on one claim necessarily negates an element of another cause of action, it is necessary to examine the trial court’s charge (cf. People v Tucker, 55 NY2d 1). The court here instructed the jury that to find GM liable on the strict products liability claims, it must find not only that the Nova’s left engine mount was defective, but that the Nova was not being misused at the time of the accident. The charge on the negligence causes of action did not impose this requirement of an absence of misuse. Inasmuch as no exception or further request to charge was made with respect to these instructions, they became the law of the case and the alleged inconsistency must be examined in that light (see Passantino v Consolidated Edison Co. of N. Y., 54 NY2d 840). A finding by the jury that Gary Manglass misused the Nova in making the high-speed turn would account for the differing verdicts on the negligence and strict products liability causes of action, and the verdicts were therefore not inconsistent. It should be emphasized that because of the absence of an exception or further request with respect to this aspect of the trial court’s charge, this court has no occasion to address the correctness of the instructions as a general statement of the law. The requirement of a timely exception is not merely a technicality. Its function “is to *806 give the court and the opposing party the opportunity to correct an error in the conduct of the trial” (Delaney v Philhern Realty Holding Corp., 280 NY 461, 467; see 4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.06). Thus, we do not decide whether negligent use may constitute misuse of a product barring recovery for strict products liability.
GM also contends that the verdict for Janice Manglass on her breach of warranty claim was inconsistent with the verdicts on the strict products liability causes of action. GM first raised this claim, however, in connection with a posttrial motion for a new trial.* By failing to raise this inconsistency before the jury was discharged, GM afforded the trial court no opportunity to correct the claimed error or, on the attorney’s application, to retain the jury for a reasonable time, in light of the complexities involved, to allow counsel to study the problem and more clearly articulate his objection. This inconsistency could have been called to the court’s attention, either when the initial verdicts were rendered or when the jury later returned with its decision on the apportionment of fault between Manglass and GM. If the inconsistency had been raised, the trial court could have taken corrective action before the jury was discharged, such as resubmitting the matter to the jury. Because the issue was not raised until long after any steps could have been taken by the trial court to cure the inconsistency, it cannot serve as a predicate for a reversal by this court.

 Although GM’s counsel did mention inconsistent verdicts at trial, his comments then focused on the claimed inconsistency between the negligence and strict liability verdicts and he made no mention of the warranty verdict for Janice Manglass.