■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JOHNSON, Appellant. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: Defendant, charged with four counts of assault, second degree, arising out of an incident in which he and three friends beat two men into unconsciousness, appeals from his conviction after a jury trial of two counts of assault, second degree (Penal Law, § 120.05, subd 1), and one count of assault, third degree (Penal Law, § 120.00, subd 1). He argues that his conviction of assault, second degree, with respect to one victim under Count No. 3 of the indictment is repugnant to his acquittal of assault, third degree (Penal Law, § 120.00, subd 1), with respect to the same victim, submitted as a lesser included offense of assault, second degree (Penal Law, § 120.05, subd 2), under Count No. 4 of the indictment. Defense counsel, by failing to raise this issue prior to the discharge of the jury, did not preserve the question for appellate review (see *Barry v Manglass,* 55 NY2d 803; *People v Stahl,* 53 NY2d 1048). We find sufficient evidence to support the two convictions of assault, second degree. Defendant's conviction of assault, third degree, under Count No. 2 of the indictment is vacated and that count dismissed as an inclusory concurrent count of assault, second degree, under

Count No. 1 (see CPL 300.40, subd 3, par [b]; *People v Ridout,* 46 AD2d 643). There is no merit to defendant's contention that the court abused its discretion in imposing sentence. (Appeal from judgment of Jefferson County Court, Aylward, J. — assault, second degree, etc.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.