■ PLANT PLANNERS, INC., Appellant-Respondent, v ARNOLD POLLOCK, Defendant, and SUSSEX HOLDING Co., INC., Respondent-Appellant. — In an action to recover damages for breach of contract, the cross appeals are from a judgment of the Supreme Court, Rockland County (Walsh, J.), entered May 18, 1981, which, *inter alia,* awarded the plaintiff the principal sum of $2,935, after a nonjury trial. Judgment reversed, on the law, without costs or disbursements, and case remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith. The findings of fact as to liability are affirmed. Plaintiff, a landscaper, entered into a contract with the corporate defendant (hereinafter defendant) to perform work at a condominium complex under construction in the Village of Suffern, New York. The contract provided for compensation of $44,400 and required that progressive payments be made within seven days of the submission of bills therefor. Upon completion of a portion of the work, plaintiff submitted a bill, dated August 15, 1977, for $3,445. Of the amount claimed, $510 related to a prior contract, leaving the sum of $2,935 due and owing as a progressive payment under the contract at bar. On March 6, 1978, alleging that the defendant had failed to pay the bill, plaintiff commenced this action for breach of contract, seeking damages in accordance with the following contractual provisions: "Customer shall have no right to cancel this agreement or to prevent or delay that work to be furnished by contractor. Any such attempted cancellation or prevention or delay of work may be deemed by contractor as a breach of this agreement, which breach shall relieve contractor of any responsibility or obligation to complete the work provided for herein, and customer shall become immediately obligated to pay the contractor the reasonable value of all services and materials actually furnished by contractor as of the date of said breach together with the entire profit contractor would have reasonably realized by completing performance of this agreement and receiving payment in full therefor. * * * 1-½% per month (18% per annum) carrying charge will be added to all accounts that are unpaid for thirty (30) days. Reasonable attorney's fees of not less than 40% of any balance due by purchaser or $50.00, whichever sum is greater, incurred in the collection of such sum due shall be added to the obligation hereunder." Following a nonjury trial, the court found that the defendant had in fact breached the contract. In assessing damages, however, the court, *inter alia,* limited the plaintiff's recovery to the principal sum of $2,935, the amount demanded in the bill which was referable to the contract. The court reasoned that this amount represented actual costs plus the margin of profit to which plaintiff was entitled by reason of the breach. In our view, although the court properly found that the contract had been breached, its damage award was erroneous in several respects. As noted, the agreement provided that, upon breach of the contract, the plaintiff would be entitled to "the reasonable value of all services and materials actually furnished * * * together with the entire

profit [plaintiff] would have reasonably realized by completing performance." At trial, the plaintiff produced evidence demonstrating that a net profit of 35% of the contract price would ordinarily be expected on a contract of this type. Accordingly, the principal sum awarded to the plaintiff should have been the reasonable value of the services and materials actually furnished, together with 35% of the contract price. Moreover, the interest should have been computed from September 21, 1977 — 30 days after the last date by which the plaintiff's bill should have been paid. Finally, any attorney's fees should have been awarded, not to the attorney himself, but to the plaintiff. Accordingly, the case must be remitted for a recomputation of damages in accordance with the foregoing. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.