## FOURTH DEPARTMENT, JULY, 1983

### (July 11, 1983)

■ DENNIS H. LUNDGREN, Respondent, v ROBERT T. MCCOLGIN et al., Appellants. DENNIS H. LUNDGREN, Respondent, v PIPER AIRCRAFT CORPORATION, Appellant. (Appeal No. 1.) — Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: The jury's answers to written interrogatories are inconsistent with each other and one is inconsistent with the general verdict (CPLR 4111, subd [c]). With respect to an emergency override lever in an aircraft manufactured by defendant Piper, the court charged two theories of liability: negligent design and strict products liability. The court submitted written interrogatories to the jury. Interrogatory No. 3 was as follows: "3. Was the defendant Piper Aircraft Corp. negligent in the design of the override lever, and, if so, was such negligence a proximate cause of the crash and plaintiff's injuries?" The jury answered "yes." Interrogatory No. 5 dealt with the strict products liability issue as follows: "5. Was the override lever, at the time of its sale by Piper, defective, that is, not reasonably safe for its intended use?" The jury answered "no." There is no way to reconcile these two answers. The jury could not have concluded that Piper negligently designed the override system and at the same time conclude that it was reasonably safe for its intended use. Plaintiff submits that the jury could have concluded that Piper breached its duty to warn aircraft owners of the unsafe condition of the mechanism and to notify them of the availability of a later modification. Although discussed in a precharge conference, the failure to warn issue was omitted from the court's charge and consequently was not before the jury. Inasmuch as the inconsistency must be reviewed in the context of the court's charge (see *Passantino v Consolidated Edison Co. of N. Y.,* 54 NY2d 840), it cannot be resolved. Piper raised the issue of inconsistency prior to discharge of the jury and it thus may serve as a predicate for reversal (see *Barry v Manglass,* 55 NY2d 803, 806; *People v Johnson,* 86 AD2d 755). Defendants' posttrial motion for a court-conducted examination of the jurors

was properly denied. The general rule is that a jury may not impeach its own verdict (*Alford v Sventek,* 53 NY2d 743, 744; see, also, Richardson, Evidence [Prince, 10th ed], § 407). Professor Siegel has noted that "[t]he primary intent of this rule is to keep sancrosanct the processes and deliberations of the jury and insulate the verdict from later revelations of what went on in the jury room" (Siegel, NY Prac, § 401, p 526). Although there are singular exceptions to the rule (see, e.g., *People v Huntley,* 87 AD2d 488), none is applicable here. Since the verdict apportioned liability among the defendants, there should be a new trial against all defendants in the interests of justice and fairness. Even if that were not the case, it was error for the court to deny defendants' McColgin's and Stephens' motion to amend their answer to assert the affirmative defense of assumption of risk. In the absence of a showing of prejudice or surprise resulting from delay, neither of which was established here, it is an abuse of discretion to deny leave to amend the pleadings even though such motion is made on the eve of trial (see *Fahey v County of Ontario,* 44 NY2d 934, 935; *Stornelli v Aakron Rule Corp.,* 89 AD2d 1060). (Appeals from judgment of Supreme Court, Onondaga County, McLaughlin, J. — negligence.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.