■ ROBERT HOCK, Appellant-Respondent, v SNO-HAUS SKI SHOP, INC., Respondent-Appellant. — In an action to recover damages for personal injuries predicated upon theories of negligence, strict products liability and breach of implied warranty, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered February 3, 1983, as (1) granted defendant's motion to set aside the jury verdict in his favor on the implied warranty theory on the ground of inconsistency, (2) directed a new trial on all issues, and (3) directed, *inter alia*, that the case be placed on the Day Calendar of Trial Term, Part I, and defendant cross-appeals, as limited by its brief, from so much of the same order as denied its motion to set aside the verdict in plaintiff's favor on the ground that the verdict was contrary to the weight of the evidence. ¶ Order modified, on the law, by deleting the third, fourth and fifth decretal paragraphs and substituting therefor a provision denying defendant's motion to set aside the verdict in favor of plaintiff on the issue of liability upon the theory of implied warranty, and that verdict is reinstated. As so modified, order affirmed, insofar as appealed from, with one bill of costs payable by defendant, and the matter is remitted to the Supreme Court, Nassau County, for trial on the issue of damages. ¶ On March 24, 1977, plaintiff purchased a pair of skis, bindings, poles, boots, and other items from defendant, a retail establishment whose employee installed the bindings on the new skis. Two days later, plaintiff injured his left leg when he turned to avoid another skier on the novice slope and the ski bindings failed to release when he lost his balance and fell. ¶ Thereafter, plaintiff instituted the instant action against defendant retailer. The trial as to liability proceeded on the theories of negligence, strict products liability and breach of implied warranty. The case was submitted to the jury with the direction that it return a general verdict accompanied by answers to five interrogatories (see, generally, CPLR 4111, subd [c]), delineating its finding as to liability with respect to the three theories of the case, plaintiff's culpability, if any, and the degree thereof. After deliberation the jury rendered a verdict in plaintiff's favor, finding defendant liable for breach of warranty, by answering in the affirmative the propounded question "Was the ski equipment defective when sold in that it was not reasonably fit for the ordinary purpose for which it was to be used and was that defect a proximate cause of

plaintiff's accident?", but finding defendant not liable based upon claims of negligence and strict products liability. Thereupon, defense counsel moved to set aside the verdict as contrary to the weight of the evidence presented. Defendant further moved to set aside the verdict on the ground that the answers to the interrogatories were inconsistent with one another. Trial Term granted the motion to set aside the verdict on the ground of inconsistency but denied the motion to set aside the verdict as against the weight of the evidence. This appeal ensued. We modify. ¶ With respect to the trial court's charge on strict products liability, we note that part of that instruction could have been misunderstood by the jury so as to leave it with the impression that knowledge on the part of the defendant retailer or its salesman of the harmful character of the equipment sold was a requisite element thereof. However, no specific exception or further request with respect to this particular aspect of the charge was made, and accordingly, that instruction became the law of the case (see *Barry v Manglass,* 55 NY2d 803, 805-806; *Passantino v Consolidated Edison Co.,* 54 NY2d 840, 842). Further, given that instruction and the factual context of this case, we find no inconsistency in the interrogatory responses finding for defendant on the negligence and strict products liability causes of action and the response finding for plaintiff on that cause of action founded upon breach of implied warranty (see *Barry v Manglass, supra*). We have examined defendant's contentions raised on its cross appeal and find them to be without merit. Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.