■ Douglas Maze, Respondent, v Vincenzo DiBartolo et al., Appellants, et al., Defendants.—In negligence action to recover damages for personal injuries, the defendants DiBartolo and Guardsman Lease Plan, Inc., appeal from a judgment of the Supreme Court, Nassau County (Doolittle, J.), entered December 20, 1985, which is in favor of the plaintiffs and against them in the principal sum of $300,000.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and a new trial granted to the plaintiff as against the appellants on the issue of damages only, unless 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, he shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict against the appellants as to damages to the principal sum of $100,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended is affirmed, without costs or disbursements.

The plaintiff was injured in a four-car accident on April 3, 1979. At the conclusion of the liability portion of the trial, the jury found both the appellants and the other defendants negligent but held that the percentage of fault attributable to the conduct of the appellants was 100% and that of the other defendants 0%. The appellants contend that the verdicts were inconsistent as a matter of law. We disagree.

It is settled that "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is

entitled to the presumption that the jury adopted that view" *(Koopersmith v General Motors Corp.,* 63 AD2d 1013, 1014, *lv denied* 46 NY2d 705). Furthermore, the verdict must be viewed in light of the court's charge *(see, Lundgren v McColgin,* 96 AD2d 706; *cf., Passantino v Consolidated Edison Co.,* 54 NY2d 840). In the case at bar, the jury could reasonably have found that although the appellants and the other defendants were negligent, only the appellants' negligence was a proximate cause of the plaintiff's injuries *(see, Fitzsimmons v Wilder Mfg. Co.,* 53 AD2d 743). Such an interpretation would be consistent with the court's charge which distinguished between negligence and proximate cause and permitted a finding of fault of from 0% to 100%.

The appellants also argue that the verdict is excessive. The test to be applied is whether the award is so excessive as to "shock the conscience" *(see, Levine v Abergel,* 127 AD2d 822, 824). Although the plaintiff's treating physician, Dr. Ralph Parisi, testified that the plaintiff suffered from acute lumbar radiculitis, and that this condition could have been caused by the April 1979 accident, there was testimony establishing that the plaintiff had suffered two prior back injuries, one of which involved an automobile accident and resulted in an injury also diagnosed as lumbar sprain and radiculitis. Further, evidence was adduced suggesting that the plaintiff's back pain was caused by unrelated hypertrophic degeneration due to long-standing wear and tear. The plaintiff's own expert, moreover, was unable to characterize the injury allegedly sustained as permanent in nature, and, in fact, testified that a 1985 examination revealed the plaintiff's condition to be asymptomatic in terms of objective medical sequelae. Additionally, the plaintiff has not suffered a loss of earning capacity. The record reveals that since September 1979 the plaintiff has been employed as a warehouse manager, frequently working in excess of 60 hours per week. Based on the foregoing, we conclude that the jury's award was excessive *(see, Johnson v Great Atl. & Pac. Tea Co.,* 92 AD2d 884; *see also, Senko v Fonda,* 53 AD2d 638; *cf., Barnhouse v Ladycliffe Coll.,* 34 AD2d 803).

We have considered the remaining contentions of the parties and find them to be without merit. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.