■ LANES FLOOR COVERINGS, INC., Appellant-Respondent, v IBM CORPORATION, Respondent-Appellant.—In an action, *inter alia,* to recover damages for breach of contract, (1) the plain-

tiff appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated August 15, 1986, which granted a motion of the defendant to set aside a jury verdict and to dismiss the complaint to the extent of setting aside so much of the jury's verdict as was in favor of the plaintiff in the principal sum of $206,376.25, with respect to plaintiff's first and second causes of action, and which granted a new trial on those causes of action, and (2) the defendant cross-appeals from so much of the same order as failed to grant its motion in its entirety and dismiss the complaint.

Ordered, that the order is modified, on the law and the facts, by (1) deleting the provision thereof which granted that branch of the defendant's motion which was to set aside the jury's verdict with respect to the plaintiff's first cause of action, and substituting therefor a provision denying that branch of the motion and reinstating the verdict as to the first cause of action, and (2) deleting the provision thereof which granted a new trial on the plaintiff's second cause of action, and substituting therefor a provision dismissing the second cause of action; as so modified, the order is affirmed, without costs or disbursements, and matter remitted for the entry of an appropriate judgment in the principal sum of $136,824.

The plaintiff's complaint asserted four causes of action. In its first cause of action, the plaintiff demanded judgment in the sum of $382,060 based on allegations that the defendant wrongfully refused to allow the plaintiff to perform its obligations under a contract entered into between the parties on or about February 18, 1983. In its second cause of action, the plaintiff sought a judgment in the sum of $500,000 based on allegations that the defendant also prevented the plaintiff from performing its obligations under the terms of a second contract, allegedly entered into on or about May 27, 1983. The third and fourth causes of action were based on allegations that the defendant's conduct resulted in damage to the plaintiff's business reputation.

At the conclusion of the trial, the jury returned a verdict which consisted of answers to eight questions. As to the plaintiff's first cause of action, based on the alleged breach by the defendant of the parties' contract entered into on or about February 18, 1983, the jury returned a verdict in favor of the plaintiff in the sum of $136,824. The jury also found that there was a second agreement between the parties as to certain work referred to in a purchase order dated May 27, 1983, and that there were other unspecified agreements between the parties for additional work. The jury awarded

plaintiff the sum of $17,915.25 relative to the defendant's supposed violation of the agreement reflected in the May 27, 1983 purchase order, and $51,637 with respect to the defendant's supposed violation of other unspecified agreements. The jury awarded no damages based on the plaintiff's allegations of injury to its business reputation.

The defendant subsequently made a motion to set aside this verdict. We construe this motion as having been addressed only to the portions of the jury's verdict which were adverse to the defendant. The court granted the motion to the extent that a new trial was granted with respect to the first and second causes of action. This appeal followed. We find that the jury's verdict as to the first cause of action is fully supported by the weight of the evidence, and should not have been set aside. We also find that the remainder of the verdict in the plaintiff's favor is not supported by legally sufficient evidence, so that the second, as well as the third and fourth causes of action, should have been dismissed.

The evidence adduced at trial tends to show that, in February 1983 the defendant IBM Corporation (hereinafter IBM) agreed to pay the plaintiff the sum of $382,060 in return for the plaintiff's supplying the materials and services necessary for the installation of carpeting at the defendant's office in White Plains. The weight of the evidence establishes that on May 21, 1983, the plaintiff undertook to perform its obligations under this contract. However, representatives of IBM directed the plaintiff's employees to stop work that same day, or shortly thereafter. The weight of the evidence tends to show that IBM thereafter sought to expand the scope of the work to be done by the plaintiff, but could not reach an agreement as to what additional payments would be made to cover the additional work. It is clear that the plaintiff was prevented from performing the work specified in the February 1983 contract. The evidence also establishes that after a number of months of fruitless negotiation, IBM exercised its option to cancel the contract, and gave oral notice of this fact to the plaintiff as early as September 2, 1983.

On appeal, IBM's principal argument is that it had the absolute right to terminate the contract unilaterally. IBM refers to article 16 of the "general conditions" contained in the February 1983 agreement, which provides that IBM could terminate the contract without cause on five days' notice. In the event of such a termination, IBM was bound to pay only for the work performed, including a reasonable profit for such work, and for charges arising from the contractor's having

made advance commitments. Thus, pursuant to this clause, IBM could rightfully terminate the contract prior to its completion, without subjecting itself to liability for the contractor's loss of the profits that it would have earned upon completion of the contract. IBM therefore contends that the jury's award of $136,824, which the parties agree represents the jury's estimate of the amount that the plaintiff would have profited had the February 1983 contract been completed, must be set aside. We disagree.

The court's instructions to the jury with respect to article 16 of the subject contract were based entirely on IBM's own requests to charge. Rather than charging that the unilateral termination provision of article 16 constituted an enforceable part of the parties' agreement, the court issued a charge (at IBM's request) that essentially instructed the jury that it could disregard the measure of damages set forth in article 16, if that measure of damages was found to be unreasonable. We must evaluate IBM's claim that the jury's verdict is unsupported by sufficient evidence, not in light of the actual substantive law, but rather in light of the law as charged by the trial court (see, Bichler v Lilly & Co., 55 NY2d 571, 583-584; Passantino v Consolidated Edison Co., 54 NY2d 840, 842; Knobloch v Royal Globe Ins. Co., 38 NY2d 471, 477; Nelson v Times Sq. Stores Corp., 110 AD2d 691, appeal dismissed 67 NY2d 645; Hock v Sno-Haus Ski Shop, 100 AD2d 953). Viewed in this light, the evidence clearly establishes that the plaintiff suffered a loss of profit in the sum of $136,824, as found by the jury. We also note, in this regard, that the plaintiff's evidence to the effect that it reasonably expected a profit of 40% on contracts of this type is legally sufficient proof that such a profit would in fact have been earned but for the cancellation of this contract (see, Plant Planners v Pollock, 91 AD2d 1017, affd 60 NY2d 779; see also, Goldenberg v World Wide Shippers & Movers, 236 F2d 198, 202 [7th Cir]; Larsen v A.C. Carpenter, Inc., 620 F Supp 1084, affd 800 F2d 1128). The jury's verdict relative to the plaintiff's first cause of action should, therefore, be reinstated.

We are, of course, aware that this court may direct a new trial in the interest of justice where, as here, the jury's verdict may be based on an erroneous charge, which was nonetheless delivered without objection (see, Martin v City of Cohoes, 37 NY2d 162, 165-166, rearg denied 37 NY2d 817; see, e.g., Rivera v W. & R. Serv. Sta., 34 AD2d 115). We do not choose to exercise this discretionary power under the circumstances of this case, however. IBM did not merely fail to object to so .

much of the court's charge as instructed the jury that it could disregard the termination clause upon a finding that it was "unreasonable". Rather, IBM itself requested this charge. We do not believe that, under these circumstances, a new trial is warranted in the interest of justice with respect to the plaintiff's first cause of action.

The remainder of the jury's verdict in favor of the plaintiff is not supported by legally sufficient evidence. The plaintiff failed to adduce proof from which a trier of fact could rationally infer that IBM had actually agreed to pay any amounts above and beyond the $382,060 called for in the parties' February 1983 contract. While both parties may have sought to reach an agreement pursuant to which the scope of the project in question would be expanded, no such agreement was ever reached. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.