■ MARIE AUDIGE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), dated April 6, 1987, which, upon a jury verdict, is against her and in favor of the defendant.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted, with costs to abide the event.

Viewed in light of the trial court's charge (see, Maze v DiBartolo, 130 AD2d 720), the jury's finding in response to special interrogatories, that the plaintiff sustained injury "as a result of bus doors closing on her while she was attempting to exit a New York City Transit Authority bus" was inconsistent with its finding that the defendant New York City Transit Authority was not negligent "in a manner which in any material way, contributed to the causing of this occurrence". Although not inherently inconsistent, the verdict simply cannot be reconciled with a reasonable view of the evidence (cf., Maze v DiBartolo, supra). Accordingly, we conclude that the trial court erred in failing either to require the jury to further consider its answers to the special interrogatories or to order a new trial (CPLR 4111 [c]). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.