■ Arlindo Caldas et al., Respondents, v City of New York, Appellant. [726 NYS2d 640] —Judgment, Supreme Court, New York County (Michael Stallman, J.), entered April 6, 2000, which, after a jury trial, *inter alia*, awarded plaintiffs damages for personal injuries sustained by reason of the violation by defendant's contractor of Labor Law § 241 (6), unanimously affirmed, without costs.

The finding of liability pursuant to Labor Law § 241 (6) was based upon legally sufficient evidence and the verdict was not against the weight of the evidence. The attorney for defendant City of New York agreed on the record that the Industrial Code rules relied upon by plaintiffs were applicable to the facts of the case, and defendant is thus precluded from claiming the contrary on appeal. Defendant's claim that the subject Code provisions are not sufficiently specific to support a finding of liability pursuant to Labor Law § 241 (6) misconceives the gravamen of plaintiff's claim. Plaintiff did not maintain, as defendant suggests, that the shoring of the walls of the trench in the area he was working was in any way inadequate, but rather that there was no shoring at all. Plaintiff testified that he was directed to work on part of a 13-foot ramp or bank of loose and unstable dirt that had not been shored, as is required by Industrial Code (12 NYCRR) 23-4.1 (b) and 23-4.2 (a). Based upon plaintiff's uncontested testimony that he was working in an area where there was no shoring, there was ample support for the jury's finding that the area in question was unprotected in contravention of the specific Code guidelines cited by plaintiff.

In addition, the jury's verdict, finding plaintiff negligent but not the proximate cause of his injury, was not inconsistent. There is a fair interpretation of the evidence to support the conclusion that plaintiff's climbing on the dirt ramp was not the proximate cause of his injury. Evidence before the jury showed that plaintiff was directed to climb on the dirt ramp notwithstanding his expression of concern to his supervisor over the safety of the unshored ramp. Thus, the jury could have fairly concluded that plaintiff, although negligent in climbing an embankment that he sensed was dangerous, did

not proximately cause his injury (see, *Sheehan v City of New York*, 40 NY2d 496), and that the sole proximate cause of plaintiff's injury was instead the superseding failure of the City contractor to comply with the Industrial Code rules requiring the shoring of the embankment upon which plaintiff had been directed to work.

We have considered the City's argument concerning plaintiff's failure to mitigate damages and find it to be without merit. Furthermore, we find that the damage awards do not deviate materially from what is reasonable compensation under the circumstances. Plaintiff sustained two displaced hip fractures, was hospitalized for 20 days, has disk involvement in his lumbar spine with radicular symptoms in both his legs, is permanently disabled from doing any manual labor, and can no longer do any chores around the house. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Saxe, JJ.