STEVEN J. NUSSBAUMER et al., Respondents, v GENERAL ELECTRIC COMPANY, Appellant. [782 NYS2d 302]—

Appeal from an order of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), entered October 3, 2003. The order, insofar as appealed from, denied that part of defendant's motion for summary judgment dismissing the causes of action sounding in negligence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for burn injuries sustained by Steven J. Nussbaumer (plaintiff) in the course of his employment allegedly as a result of an explosion of a defective lightning arrester manufactured by defendant. Supreme Court properly denied that part of defendant's motion for summary judgment seeking dismissal of the causes of action sounding in negligence. Defendant failed to sustain its initial burden of establishing that the actions of plaintiff were the sole cause of the accident, inasmuch as defendant submitted conflicting evidence of plaintiff's location in relation to the electrical equipment when the accident occurred. That is an important factor in determining whether plaintiff's actions or a defective lightning arrester caused the accident. We reject defendant's remaining contention that, because the court dismissed the causes of action sounding in strict products liability, it necessarily erred in not also dismissing the causes of action sounding in negligence (*see Barry v Manglass,* 77 AD2d 887, 889-890 [1980], *affd* 55 NY2d 803 [1981], *rearg denied* 55 NY2d 1039 [1982]; *see also Jarvis v Ford Motor Co.,* 283 F3d 33, 62-63 [2002], *cert denied* 537 US 1019 [2002]). Present—Pine, J.P., Kehoe, Gorski and Hayes, JJ.