■ VICENTE URIONDO et al., Respondents, v TIMBERLINE CAMPLANDS, INC., Appellant. [799 NYS2d 189]—

Judgment, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about September 11, 2003, which, after a jury verdict, awarded plaintiff Vicente Uriondo damages, including $25,000 for past pain and suffering, $290,000 for future pain and suffering over 28 years, and $300,000 for future lost earnings over 18 years, unanimously affirmed, without costs.

The verdict was not against the weight of the evidence. The jury found that this plaintiff was negligent, but his negligence was not a proximate cause of the injury. The jury also determined that defendant violated Labor Law § 241 (6). There was evidence that although the injured plaintiff acted in a negligent manner, the accident would not have occurred if defendant had provided the proper safety equipment. It thus cannot be said that there was "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The award of $25,000 for past pain and suffering and $290,000 for future pain and suffering did not constitute a material deviation from what is reasonable compensation under the circumstances, given the evidence demonstrating that the injured plaintiff suffered a comminuted trimalleolar fracture of the left ankle, requiring surgery. His leg was in a cast for three months, he required the use of crutches for one year and extensive physical therapy that will continue into the future, he has had numerous other injury-related complications, including an intra-articular fracture in the ankle joint, a fracture of the fibula, nerve damage, loss of sensation and motion, lower back pain, an antalgic gait, degenerative arthritis and osteoarthritis, and will require future surgery.

The award for lost earnings was supported by the evidence and was properly calculated by plaintiff's expert economist. Concur—Mazzarelli, J.P., Friedman, Nardelli and Williams, JJ.