■ LYDIA MARTINEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [838 NYS2d 53]—

Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered June 14, 2006, dismissing the complaint upon a jury verdict in defendant's favor, unanimously affirmed, without costs.

Plaintiff was injured when she fell while exiting defendant's bus. At the bifurcated trial, plaintiff maintained that defendant's bus driver negligently closed the doors on her before she could get off the bus, and defendant's position was that plaintiff slipped and fell while descending the stairs leading to the exit. The jury determined that defendant's driver was negligent, but that his negligence was not a proximate cause of the accident.

Plaintiff argues that the verdict was against the weight of the evidence and inconsistent.

The contention that the verdict was inconsistent is unpreserved, since plaintiff's counsel did not raise it until the jury had already been discharged (see *Barry v Manglass*, 55 NY2d 803 [1981]), and we decline to review it. In any event, the verdict was both based on a fair interpretation of the evidence (see *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]), and could be reconciled with a reasonable view of the evidence (see *Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451 [1997]). The record reveals that while there was evidence that defendant's driver was negligent in failing to properly monitor the rear stairwell as the passengers were disembarking, there was also eyewitness testimony that plaintiff slipped on the wet stairs as she started to exit the bus.

Plaintiff's statement in Spanish to the EMS worker that she had slipped on the stairs was contained in translation in the ambulance call report, and was introduced in evidence as an admission. Defendant established that plaintiff was the source of this statement, and that its translation was accurate (see *Quispe v Lemle & Wolff, Inc.*, 266 AD2d 95, 96 [1999]). Also properly admitted as a spontaneous declaration was testimony that at the time plaintiff fell, a male passenger exclaimed that she "slipped" (*Flynn v Manhattan & Bronx Surface Tr. Operating Auth.*, 94 AD2d 617, 619 [1983], *affd* 61 NY2d 769 [1984]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sullivan, J.P., Nardelli, Buckley, Catterson and Kavanagh, JJ.