■ CARMEN DE LA CRUZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [852 NYS2d 263]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Gavrin, J.), entered July 26, 2006, which, upon a jury verdict on the issue of liability finding that they were at

fault in the happening of the accident and that the plaintiff was negligent but that her negligence was not a proximate cause of the accident, and a jury verdict on the issue of damages awarding the plaintiff, inter alia, the sums of $2,500,000 for past pain and suffering and $12,500,000 for future pain and suffering, and upon an order of the same court entered March 27, 2006, granting their motion to set aside the verdict pursuant to CPLR 4404 only to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the verdict as to those damages from the sums of $2,500,000 and $12,500,000 to the sums of $1,000,000 and $2,000,000, respectively, and upon the plaintiff's stipulation to so reduce the damages dated May 10, 2006, is in favor of the plaintiff and against them, pursuant to CPLR article 50-B, in the total sum of $4,042,369.31.

Ordered that the judgment is affirmed, with costs.

The plaintiff pedestrian was crossing at the intersection of Myrtle Avenue and Putnam Avenue in Queens, when she was struck by a bus that was making a left turn onto Putnam Avenue. The plaintiff testified at the trial on the issue of liability that she was walking within the crosswalk and had reached its midpoint when she was struck by the bus, which had approached the intersection from behind her. The defendant bus driver Theresa McDowell testified that she did not see the plaintiff until after the bus struck her. Contrary to the defendants' contention, the jury's findings that the plaintiff was negligent but that her negligence was not the proximate cause of the accident were not inconsistent as a matter of law. It is well settled that " '[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Maze v DiBartolo,* 130 AD2d 720, 720-721 [1987], quoting *Koopersmith v General Motors Corp.,* 63 AD2d 1013, 1014 [1978]). Here, the jury reasonably could have found that, although the plaintiff was negligent in failing to observe the turning bus, only the defendants' negligence was the proximate cause of the plaintiff's injuries (*see Lemberger v City of New York,* 211 AD2d 622, 623 [1995]); *Maze v DiBartolo,* 130 AD2d at 721).

The Supreme Court providently exercised its discretion in determining that damages should be reduced from the sums of $2,500,000 for past pain and suffering and $12,500,000 for future pain and suffering to the sums of $1,000,000 and $2,000,000, respectively (*compare Van Ness v New York City Tr. Auth.,* 288 AD2d 374, 375-376 [2001], *Lemberger v City of New York,* 211 AD2d 622, 623 [1995], *and Rivera v City of New York,*

160 AD2d 985 [1990], *with Davis v City of New York,* 293 AD2d 641, 642-643 [2002], *and Chung v New York City Tr. Auth.,* 213 AD2d 619, 619-621 [1995]). Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.