■ SUSAN LOWENSTEIN, Respondent, v THE NORMANDY GROUP, LLC, Doing Business as IL POMODORO RESTAURANT, et al., Appellants. [859 NYS2d 29]—

Judgment, Supreme Court, New York County (Judith J. Gische, J., and a jury), entered May 10, 2007, awarding plaintiff, inter alia, $300,000 for past pain and suffering and $1,500,000 for future pain and suffering, unanimously modified, on the facts, to vacate the award for future pain and suffering and to direct a new trial solely on damages for future pain and suffering, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order, stipulates to a reduction of the award for future pain and suffering to $850,000, and to entry of an amended judgment in accordance therewith.

Defendant's argument that the verdict is inconsistent in finding that plaintiff was negligent but that her negligence was not a proximate cause of her injuries was not raised before the jury was discharged and is unpreserved (*see Martinez v New York City Tr. Auth.*, 41 AD3d 174, 175 [2007]). In any event, the verdict can be reconciled with a reasonable view of the evidence (*see id.*). Plaintiff sustained injuries when she fell through an open sidewalk door into a cellar while exiting a restaurant owned and operated by defendant-appellant. The jury could have found that plaintiff's negligence in failing to observe the open vault on a dark, rainy night, after she took two steps to the left out of a recessed doorway, in which direction she was required to walk because defendant's employee, who was holding the door halfway open, blocked her path, was superseded by defendant's negligence in violating its own rules regarding the operation of the vault (that whenever someone went down to the basement another person had to stand over the open sidewalk covering) and in failing to warn plaintiff of the open covering (*see Kelly v City of New York*, 6 AD3d 188, 189 [2004]; *Caldas v City of New York*, 284 AD2d 192, 192-193 [2001]).

Defendant's challenge to three jury charges is partially unpreserved (*see* CPLR 4110-b) and unavailing. Defendant's former porter, as both a former employee and a participant in the accident who, having left his post guarding the open vault, had a motive to shield himself from blame, was properly charged

as an interested witness (*see Coleman v New York City Tr. Auth.*, 37 NY2d 137, 141-142 [1975]; *Kalam v K-Metal Fabrications*, 286 AD2d 603, 604 [2001]; *Hill v Arnold*, 226 AD2d 232, 233 [1996]); he was also interested in testifying consistently with the deposition testimony he gave while still defendant's employee. We reject defendant's argument that Administrative Code of the City of NY § 19-119, regulating the opening of vaults "under any street," applies only to vaults under a street, not cellar vaults under a sidewalk, and was therefore erroneously charged (*cf.* Administrative Code § 19-101 [c]; § 1-112 [13] [defining "street" to include any "sidewalk"]; *Fleming v Fifth Ave. Coach Lines*, 23 AD2d 726 [1965], *lv denied* 16 NY2d 485 [1965]). The trial court also properly charged that a pedestrian may assume that a sidewalk is kept in proper condition (*see Sparks v City of New York*, 31 AD2d 660 [1968]).

Plaintiff sustained a bi- or tri-malleolar ankle fracture treated with open reduction and internal fixation, and a three-part shoulder fracture treated with immobilization. As a result, plaintiff was in the hospital for 12 days, received inpatient care at a rehabilitation facility for four weeks, had to reside with a relative for approximately three months before returning home, and was unable to return to work for 18 months. Plaintiff continues to suffer constant sharp ankle pain, reduced range of motion, inability to return to recreational activities, and has an increased risk of arthritis, but no future surgery is indicated. The award for past pain and suffering does not deviate from what would be reasonable compensation. The award for future pain and suffering over 28 years deviates from what would be reasonable compensation to the extent indicated (*compare Ruiz v New York City Tr. Auth.*, 44 AD3d 331 [2007]; *Singh v Gladys Towncars Inc.*, 42 AD3d 313 [2007]; *Bingham v New York City Tr. Auth.*, 25 AD3d 433 [2006], *affd on other grounds* 8 NY3d 176 [2007]; *Uriondo v Timberline Camplands, Inc.*, 19 AD3d 282 [2005], *lv denied* 6 NY3d 704 [2006]; *Murakami v Machinist*, 3 AD3d 336 [2004]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Buckley, Sweeny and Renwick, JJ.