ROSARIO SEBASTIANO et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent. [926 NYS2d 506]—

Plaintiffs seek to recover for personal injuries plaintiff Rosario Sebastiano allegedly sustained when she tripped on a stairway in a subway station while working as a New York City police officer. After trial, the jury returned a verdict in plaintiffs' favor on their General Municipal Law § 205-e claim. In particular, the jury found that defendant failed to comply with Administrative Code of the City of New York former §§ 27-127, 27-128 and 27-375, Building Code of New York State § 1003.4 (2007), and Property and Maintenance Code of New York State § 304.4, and that each noncompliance was a "direct or indirect cause" of plaintiff's injuries. The jury also found that while defendant was negligent, such common-law negligence was not a "substantial factor" in causing plaintiff's injuries.

To establish a claim pursuant to General Municipal Law § 205-e, plaintiffs were required to prove a violation of a statute

or ordinance (*see Williams v City of New York*, 2 NY3d 352, 363 [2004]). Because the subject station was built in 1915, prior to the enactment of the code provisions relied upon by plaintiffs, it was incumbent on plaintiffs to establish that the station was renovated or altered prior to the accident and "that the nature and extent of the alterations subjected the building to the Code provisions cited" (*Anderson v Creston Assoc., LLC*, 59 AD3d 298, 299 [2009]).

Here, although the record establishes that the subject station was undergoing extensive renovation at the time of the accident, plaintiffs have not demonstrated that the nature and extent of the renovations subjected the station to the cited code provisions (*see Anderson*, 59 AD3d at 299). We reject plaintiffs' assertion that the renovations required that the structure comply with the 1968 Building Code of the City of New York. Administrative Code § 27-115 requires that an existing building comply with the requirements of the Code "[i]f the cost of making alterations in any twelve-month period shall exceed sixty percent of the value of the building." Here, the renovations were not yet complete at the time of the accident and there is no evidence of the cost of the renovation or the value of the structure. Accordingly, Supreme Court should have directed entry of judgment in defendant's favor on plaintiffs' statutory claim.

We decline to review plaintiffs' claim that the jury's verdict was inconsistent, since they failed to raise it before the jury was discharged or on the posttrial motion (*see Barry v Manglass*, 55 NY2d 803, 805 [1981]; *Martinez v New York City Tr. Auth.*, 41 AD3d 174, 175 [2007]; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]). In any event, the argument is unavailing, since the standard of proof required to establish causation on the statutory claim is lower than that required on the common-law negligence claim (*see Giuffrida v Citibank Corp.*, 100 NY2d 72 [2003]; *Cerati v Berrios*, 61 AD3d 915 [2009]). Concur—Andrias, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.