■ ZENON KLEWINOWSKI, Appellant, et al., Plaintiff, v CITY OF NEW YORK et al., Defendants, and WELSBACH ELECTRIC CORP., Respondent. (And Third-Party Actions.) [959 NYS2d 493]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 3, 2012, dismissing the complaint as against defendant Welsbach Electric Corp. upon a jury verdict in its favor and bringing up for review an order, same court and Justice, entered May 17, 2012, which denied plaintiff Zenon Klewinowski's (plaintiff) motion to set aside the verdict, and an order, same court (Judith J. Gische, J.), entered September 15, 2011, which, to the extent appealed from as limited by the briefs, granted Welsbach's motion for summary judgment, dismissing plaintiff's claims pursuant to Labor Law §§ 240 (1), 241 (6) and 200 against it, unanimously affirmed, without costs. Appeals from the foregoing orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff laborer commenced this action to recover for personal injuries he suffered when an excavating machine knocked into electrical cables and pulled down a light pole which fell on top of him. Contrary to plaintiff's assertions, the verdict in favor of defendant Welsbach, the subcontractor that installed the temporary light pole and overhead cables, was not inconsistent as a matter of law, since it can be reconciled with a reasonable view of the evidence (see Martinez v New York City Tr. Auth., 41 AD3d 174 [1st Dept 2007]). Although plaintiff submitted evidence that the electrical cables were lower than the required 18 feet on the date of the accident, no evidence was adduced that the cables were improperly installed by Welsbach. To the contrary, the Ammann & Whitney Consulting Engineers, P.C. (A&M) inspector testified that he measured the cables after installation and found them to conform with the 18 foot requirement. Thus, the jury could have determined that Welsbach properly installed the cables at the proper height and that they dropped to a lower height in the five weeks that passed between the installation and plaintiff's accident. Accordingly, the jury's finding in favor of Welsbach is not inconsistent with its finding that defendant A&M, who was responsible for inspecting the site ensuring continued maintenance, was negligent and is based on a fair interpretation of the evidence (see CPLR 4404 [a]; McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]).

The motion court correctly dismissed plaintiff's claims pursuant to Labor Law §§ 240 (1) and 241 (6) as Welsbach was not an owner as that term is defined by the Labor Law. Welsbach was responsible for installation of the pole and electrical cable but did not remain on site after its installation and had no continuing duty to maintain it (*see Morales v Spring Scaffolding, Inc.*, 24 AD3d 42, 46-47 [1st Dept 2005]). To the extent Welsbach could be held liable under Labor Law § 200, based upon improper installation, said claim has been rendered academic by the jury's finding that it was not negligent. Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.