## Dojce v 1302 Realty Co., LLC

2024 NY Slip Op 33184(U)

September 11, 2024

Supreme Court, Kings County

Docket Number: Index No. 508449/16

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73
--------------------------------------------------------------------X
PETRIKA DOJCE,

                                        Plaintiff,

                    -against-

1302 REALTY COMPANY, LLC, and MESIVTA
YESHIVA RABBI CHAIM BERLIN,

                                        Defendants.
--------------------------------------------------------------------X

Index No.: 508449/16
Motion Date: April 15, 2024
Mot. Seq. No.: 15

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 456-462, 499, 503-506, 519, 523 were read on this motion:

In this action to recover damages for personal injuries, defendants 1302 Realty Company, LLC ("1302 Realty") and Mesivta Yeshiva Rabbi Chaim Berlin ("Mesivta Yeshiva") (collectively "defendants") move for an order: (i) pursuant to CPLR 2201, staying proceedings upon the November 17, 2023 verdict and entry of judgment until 30 days after an order is entered on this motion; (ii) pursuant to CPLR 4404(a), setting aside the verdict in plaintiffs favor on liability; (iii) ordering a new trial on liability; (iv) and for such other and further relief as the Court may deem just and proper under the circumstances.

The plaintiff, Patrika Dojce, commenced this action alleging that he was injured on April 21, 2016, when an unguarded electric saw he was using jammed and "kicked" him backwards onto a desk, causing him to sustain a laceration to his right thigh, as well as injuries to his lower back, neck, and head. He commenced this action against the defendants alleging a cause of action under Labor Law § 241(6). During the liability trial, the plaintiff testified that his boss, Frank Pedula, provided him with the saw and directed him to use it.

On October 31, 2023, the jury returned a verdict finding that the defendants were solely responsible for causing the accident. The jury also found that the plaintiff was negligent, but that his negligence was not a substantial factor in causing the accident. That same day, the attorney for the defendant made an oral motion to set aside the verdict and requested permission to submit a written motion briefing the issues. His request was granted. When defendants' counsel made

1

[* 1]

his oral motion, he never argued that the verdict was inconsistent and never asked the Court to give the jury a curative instruction to resolve the alleged inconsistency. The damages trial began the same day.

Defendants filed a memorandum of law supporting in support of their oral motion to set aside the verdict on November 15, 2023 (NYSCEF Doc. No. 449), almost two weeks after the damages trial commenced. Therein, the defendants argued for the first-time that the verdict was inconsistent.

The jury returned a verdict on the issue of damages on November 17, 2024. The defendants thereafter filed a formal Notice of Motion to set aside the verdict on December 22, 2023.

For the following reasons, the defendants' motion to set aside the liability verdict as inconsistent and against the weight of the evidence is denied. "Objections to a verdict on the ground of inconsistency must be raised before the jury is discharged, at which time corrective action may be taken by resubmitting the matter to the jury" (*Strauss v. Huber,* 161 A.D.2d 629, 630, 555 N.Y.S.2d 407; *see Barry v. Manglass,* 55 N.Y.2d 803, 806, 447 N.Y.S.2d 423, 432 N.E.2d 125; *see also* CPLR 4111[c]). Where a party fails to object to the verdict as inconsistent prior to the discharge of the jury, he or she waives any objection to the verdict upon that ground (*see Barry,* 55 N.Y.2d at 806, 447 N.Y.S.2d 423, 432 N.E.2d 125; *Cruz–Rivera v. National Grid Energy Mgt., LLC,* 190 A.D.3d 687, 688, 135 N.Y.S.3d 887; *Graviano v. New York City Transit Auth.*, 202 A.D.3d 932, 933, 159 N.Y.S.3d 693). Here, plaintiff contends that the defendants waived any objection to the verdict on the ground that it was inconsistent by failing to promptly request a curative charge. Whether defendants waived their objection to the verdict on the ground of inconsistency by not requesting a curative charge prior to the commencement of the damages trial presents an interesting issue. The Court, however, need not address this issue since the verdict was not inconsistent, nor was it contrary to the weight of the evidence, an objection that the defendants clearly did not waive (see *Ahmed v. Port Auth. of New York*, 131 A.D.3d 493, 495, 14 N.Y.S.3d 501, 503).

"A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so

2

[* 2]

inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Brennan v. Gormley,* 181 A.D.3d 552, 553, 121 N.Y.S.3d 77 [internal quotation marks omitted]; *Das v. Costco Wholesale Corp.,* 98 A.D.3d 712, 713, 950 N.Y.S.2d 396 [internal quotation marks omitted]; *Garrett v. Manaser,* 8 A.D.3d 616, 617, 779 N.Y.S.2d 565). Such is not the case here. "[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (*Moffett–Knox v. Anthony's Windows on the Lake, Inc.,* 126 A.D.3d 768, 768–769, 5 N.Y.S.3d 486 [internal quotation marks omitted]; *see Henry v. Town of Hempstead,* 119 A.D.3d 649, 650, 990 N.Y.S.2d 79; *Bonomo v. City of New York,* 78 A.D.3d 1094, 1095, 912 N.Y.S.2d 601). A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v. Big v. Supermarkets,* 86 N.Y.2d 744, 746, 631 N.Y.S.2d 122, 655 N.E.2d 163; *Nicastro v. Park,* 113 A.D.2d 129, 134, 495 N.Y.S.2d 184).

Here, the jury could have found that the sole proximate cause of the accident was the negligence of Frank Pedula, plaintiff's boss, in providing the plaintiff with the unguarded saw and instructing him to use it in violation of 12 NYCRR §23- 1.12(c)(1) and §23-1.5(c), and that any negligence on plaintiff's part in following Mr. Pedula's instructions was not a substantial in causing the accident. In *Uriondo v. Timberline Camplands, Inc.,* 19 A.D.3d 282, 799 N.Y.S.2d 189, which also involved a Labor Law § 241(6) claim, the Court held that a verdict that the plaintiff was negligent but that his negligence was not the proximate cause of the accident was neither inconsistent nor contrary to the weight of the evidence. The Court reasoned that even though there was evidence that plaintiff acted in a negligent manner, the evidence demonstrated that the accident would not have occurred if the defendant had provided proper safety equipment (19 A.D.3d 282, 283, 799 N.Y.S.2d 189, 190).

In *Caldas v. City of New York*, 284 A.D.2d 192, 192, 726 N.Y.S.2d 640, 641, the Court also held that a jury's verdict that the plaintiff was negligent, but that his negligence was not the proximate cause of the accident was neither inconsistent nor contrary to the weight of the evidence. The Court reasoned that while the evidence supported the jury's verdict that the plaintiff was negligent in climbing a dirt ramp, there was also evidence that plaintiff's supervisor

3

[* 3]

instructed him to do so.  Thus, the Court concluded that the jury's verdict that plaintiff's supervisor was solely at fault was supportable (*see also De La Cruz v. New York City Transit Auth.*, 48 A.D.3d 508, 509, 852 N.Y.S.2d 263, *Once v. Service Ctr. of N.Y.,* 96 A.D.3d 483, 483–84, 947 N.Y.S.2d 4; *Lowenstein v. Normandy Grp., LLC*, 51 A.D.3d 517, 518, 859 N.Y.S.2d 29). Here, since there was evidence that plaintiff's boss provided him with the saw and instructed him to use it, the verdict was neither inconsistent nor against the weight of the evidence.

For the above reasons, it is hereby

**ORDRED** that the defendants' motion to set aside the liability verdict is in all respects **DENIED.**

This constitutes the decision and order of the Court.

Dated: September 11, 2024

**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

4

[* 4]