■ JAMES GRINNELL et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent. [663 NYS2d 844] —Judgment, Supreme Court, New York County (Robert Lippmann, J., and a jury), entered June 19, 1996, awarding plaintiffs the principal sum of $305,000, unanimously affirmed, without costs.

The trial court properly declined to charge apportionment because there was insufficient evidence for the jury to determine which specific cause contributed to which separate injury (*cf., Ravo v Rogatnick*, 70 NY2d 305, 312). Although it was error for the trial court to predetermine the award of medical expenses by filling in the amount on the interrogatory submitted to the jury, the error was unpreserved by objection, and, moreover, the only testimony on the subject supported such amount and had been elicited by defendant's counsel. Nor was the amount as testified to by plaintiff's treating physician speculative, since it was an estimate of past medical costs for services rendered by the witness or a therapist under his supervision, and not a guess as to future costs for services to be rendered possibly by another (*cf., Liebman v Otis El. Co.*, 145 AD2d 546). While the lost earnings award was based solely upon plaintiff's testimony without supporting documentation (*see,*

*Razzaque v Krakow Taxi*, 238 AD2d 161), defendant expressly declined to challenge such testimony by the use of the W-2 forms in its possession (*cf., Poturniak v Rupcic*, 232 AD2d 541). The evidence of plaintiff's earnings immediately preceding his accident, unlike the testimony as to remote circumstances in *Papa v City of New York* (194 AD2d 527, 531, *lv denied and dismissed* 82 NY2d 918), was sufficient. Moreover, defendant's limited objection in its postverdict motion, addressed only to the precise amount of the lost earnings award, effectively waived any objection to the quality of plaintiff's proof on this issue.

The award for pain and suffering, while modest, constituted reasonable compensation under the circumstances, particularly in light of defendant's medical expert's assessment, based upon a number of recently administered standard tests, of plaintiff's relative freedom from pain.

We note that the denial of defendant's motion to reduce the award based on collateral source payment was without prejudice to renewal upon a proper showing. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.