■ ERIC KANE, Respondent, v PETER COUNDOROUS et al., Defendants, and 229 COLUMBUS AVENUE ASSOCIATES et al., Appellants. 229 COLUMBUS AVENUE ASSOCIATES et al., Third-Party Plaintiffs, v RNA AIR CONDITIONING SERVICE CORP., Third-Party Defendant-Appellant. [783 NYS2d 530]—

Judgment, Supreme Court, Bronx County (Douglas E. Mc-Keon, J.), entered on or about October 20, 2003, which, after jury trial, awarded plaintiff the principal sum of $1,008,328.03, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered March 12, 2003, which conditionally granted plaintiff's motion for an additur of $250,000 for future pain and suffering after the jury had awarded no damages for that item, and denied the cross motion by defendant P.C.S.B. and third-party defendant RNA Air Conditioning Service Corp. to reduce the jury's award of $208,000 for past lost earnings, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.

The credibility of the witnesses and the resolution of conflicting proofs are matters properly for determination by a jury (Louis v Kimmelman, 8 AD3d 206 [2004]). The jury's verdict, which indicates that plaintiff's testimony was credited, was based on a fair interpretation of the evidence (see Ruiz v City of New York, 289 AD2d 42 [2001]) and thus cannot be set aside as contrary to the weight of evidence.

Evidence in the form of deposition testimony of a deceased witness was admissible at trial upon the determination that its introduction was based on a proper foundation (State of New York v Metz, 241 AD2d 192, 201 [1998]). The portions of the dep-

osition at issue were admissible as hearsay not for the truth of the matter asserted, but merely to rebut an allegation of recent fabrication.

The court's additur of $250,000 to the jury's award for future pain and suffering was warranted, given the testimony of plaintiff's treating physician as well as defendant's expert. That evidence established that plaintiff, who suffered a herniated disc, underwent two surgical procedures, a failed laminectomy and a subsequent spinal fusion that required a bone graft and the placement of surgical screws, resulting in a permanent partial disability accompanied by pain in his lower back, groin, buttocks and left leg, as well as limitation in movement, knee problems and an irregular gait. In light of this evidence, as well as testimony regarding permanent limitations on plaintiff's physical activities and restriction to sedentary work, the jury's failure to award any damages for future pain and suffering deviated materially from what is reasonable compensation (*see Faulise v Trout*, 254 AD2d 755 [1998]; *Crawford v Marcello*, 247 AD2d 907 [1998]).

While the lost earnings award was based solely on plaintiff's testimony without supporting documentation, defendants expressly declined to challenge such testimony by the use of the W-2 forms in their possession. The evidence of plaintiff's earnings immediately preceding his accident was sufficient to support the jury's modest award of $208,000 for past lost earnings (*Grinnell v City of New York*, 244 AD2d 171 [1997]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.