■ ANASTASIA ARCHER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [806 NYS2d 582]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered August 10, 2004, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendant's bus stopped in advance of a bus stop to let passengers off, two to three feet from the curb at the intersection of 145th Street and Eighth Avenue. Plaintiff stepped down from the rear exit of the bus into a pothole and fell, injuring her ankle.

Defendant moved for summary judgment on the ground that it did not own or maintain the street where plaintiff fell. The court granted the motion, holding, "[t]here is no evidence to show that [New York City Transit Authority (NYCTA)] had any notice of the condition that caused the accident nor is there evidence to show that the property where the accident occurred belonged to [NYCTA]."

The court misapprehended the duty owed to the plaintiff by the defendant common carrier.

Our recent decision in *Malawer v New York City Tr. Auth.* (18 AD3d 293 [2005]) is determinative of the instant appeal. In *Malawer*, we noted that the plaintiff was allegedly left to disembark on an icy subway grating, upon which he fell. We reversed the grant of summary judgment in favor of the NYCTA, holding: "[a] common carrier owes a duty to its passengers to stop at a place where they may safely disembark and leave the area. Liability rests upon a 'finding that the placement of the bus dictates that the passenger, in order to board [or exit] the bus, must negotiate a dangerous or defective path.' Whether a common carrier has breached its duty in this regard is generally a question of fact to be determined by the jury. To prevail on their motion for summary judgment, defendants were required to set forth evidentiary facts sufficient to entitle them to judgment as a matter of law (CPLR 3212 [b]). Defendants did not meet this burden." (18 AD3d at 294-295 [citations omitted]). The mere fact that Archer did not see the pothole in time as she stepped off of the bus rear exit door some three feet from the curb does not negate the inference that the bus driver could have been aware of the hazard. Therefore a question of fact exists precluding summary judgment.

This holding is in accord with recent appellate decisions (*Miller v Fernan*, 73 NY2d 844, 846 [1988]; *see Jenkins v New York City Tr. Auth.*, 262 AD2d 455 [1999]). Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.