■ Mary Colon, Respondent, v New York Eye Surgery Associates, P.C., Appellant. [910 NYS2d 59]—

Amended order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about January 20, 2010, which directed a new trial on damages unless the parties agreed to reduce the jury verdict for past pain and suffering from $750,000 to $300,000 and for future pain and suffering from $1.5 million to $650,000, and bringing up for review a prior order, entered December 18, 2009, which denied that portion of defendant's post-trial motion to set aside the verdict as to liability and direct entry of judgment in its favor, unanimously affirmed, without costs.

Giving plaintiff every favorable inference that can reasonably be drawn from the facts (*Sagorsky v Malyon*, 307 NY 584 [1954]), we conclude that the jury's finding was supported by sufficient evidence and was not against the weight of that evidence. The testimonial and photographic evidence demonstrated that the height differential between the concrete sidewalk and the adjacent grassy verge constituted a dangerous condition that was not obvious to a pedestrian, and that the differential at its greatest point was not trivial (see *Trincere v County of Suffolk*, 90 NY2d 976 [1997]). The jury could have reasonably found, based on the photographs taken days after the accident and the testimony of defendant's facility manager, that the entire property was inspected daily, giving defendant constructive notice of the defect.

The court properly permitted plaintiff's expert to testify, based on medical records in evidence and his examination of plaintiff, that she had "some components" of reflex sympathetic dystrophy that were "more likely than not" causally related to the incident.

The reduced awards for past and future pain and suffering did not grossly deviate from what would be considered reasonable compensation (CPLR 5501 [c]). Concur—Saxe, J.P., Acosta, Freedman and Abdus-Salaam, JJ.