■ JULIO ALICEA, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [927 NYS2d 321]—

Amended judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered March 23, 2010, to the extent appealed from as limited by the briefs, upon a jury verdict, awarding plaintiff $158,960 for past pain and suffering and $782,800 for future pain and suffering over a period of 38 years, plus interest at the rate of 9% per year from the date of the verdict, unanimously modified, on the law and the facts, to vacate the award of interest and remand the matter to calculate interest at the rate of 3% per annum from the date of the verdict on the judgment awarded against defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), and to vacate the award for past pain and suffering and direct a new trial only on the issue of such damages, unless defendants, within 30 days of service of a copy of this order with notice of entry, stipulate to increase the award for past pain and suffering to $400,000, and otherwise affirmed, without costs.

The 33-year-old plaintiff sustained a bimalleolar ankle fracture when he slipped and fell on a patch of snow-covered ice while exiting the rear doors of a MABSTOA bus. After the accident, plaintiff had three surgeries, including one open insertion to repair his broken bones, and a second to remove the surgical hardware. He also developed posttraumatic arthritis, and may require additional surgery in the future.

The jury's verdict awarding judgment against defendant City of New York was supported by sufficient evidence and was not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). Indeed, based on the evidence presented at trial, including the Department of Sanitation (DOS) records and the testimony of a DOS supervisor, it was

reasonable for the jury to conclude that the street condition at the subject bus stop constituted "an unusual or dangerous obstruction to travel," and that "sufficient time had elapsed to afford a presumption of the existence of the condition and an opportunity [for the City] to effect its removal" (*Gonzalez v City of New York*, 148 AD2d 668, 670 [1989], *lv denied* 74 NY2d 608 [1989]).

We find that the award for future pain and suffering was not excessive. However, the award for past pain and suffering deviates materially from what would be reasonable compensation under the circumstances (CPLR 5501 [c]; *see e.g. Hopkins v New York City Tr. Auth.*, 82 AD3d 446 [2011]; *Colon v New York Eye Surgery Assoc., P.C.*, 77 AD3d 597 [2010]; *Lowenstein v Normandy Group, LLC*, 51 AD3d 517 [2008]).

The judgment incorrectly applied interest at a rate of 9% to plaintiff's award against MABSTOA. The rate of interest should not exceed 3% (*see* Public Authorities Law § 1212 [6]; § 1203-a [6]; *Bello v New York City Tr. Auth.*, 50 AD3d 511, 512 [2008]; *Klos v New York City Tr. Auth.*, 240 AD2d 635, 638 [1997]). Accordingly, the matter should be remanded as indicated. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.