■ LIZZETTE RIVERA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [938 NYS2d 535]—

Defendant's argument that plaintiff's counsel's reference, in summation, to the apportionment of liability warranted a mistrial is unpreserved (*see Lucian v Schwartz*, 55 AD3d 687, 689 [2008], *lv denied* 12 NY3d 703 [2009]). In any event, the jury is presumed to have understood and followed the court's extensive curative instructions (*see Martelly v New York City Health & Hosps. Corp.*, 276 AD2d 373 [2000]).

The trial court's procedure of randomly drawing an alternate juror to substitute for a discharged juror, rather than substituting an alternate juror sequentially according to the designation of alternate jurors, was permissible (*see* CPLR 4106; *Xi Yu v New York Univ. Med. Ctr.*, 4 Misc 3d 602 [2004]).

Plaintiff sustained a tri-malleolar ankle fracture, with dislocation, which required three surgeries and caused tendon and cartilage damage. She continues to have complaints of limitation and pain in her affected ankle and her orthopedic surgeon testified that she had an increased risk of arthritis. The awards for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated (CPLR 5501 [c]; *see e.g. Alicea v City of New York*, 85 AD3d 585 [2011]; *Lowenstein v Normandy Group, LLC*, 51 AD3d 517 [2008]). Concur—Tom, J.P., Andrias, Catterson, Richter and Abdus-Salaam, JJ.