Judgment, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered April 13, 2011, after a jury trial, in plaintiffs favor, unanimously modified, on the facts, without costs, to vacate the awards for past and future pain and suffering and to direct a new trial on those issues, unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to a reduction of the award for past pain and suffering from $250,000 to $100,000 and future pain and suffering from $500,000 to $150,000 and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 21, 2010, which denied defendants’ post-trial motion, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The issue of proximate cause was correctly submitted to the jury (see Hecker v New York City Hous. Auth., 245 AD2d 131 [1997]). The jury’s resolution of any credibility issue raised by plaintiffs inconsistent explanations for his fall is entitled to deference (see Haiyan Lu v Spinelli, 44 AD3d 546 [2007], lv denied 10 NY3d 716 [2008]).
The issue of prior written notice of the defective condition of the sidewalk, pursuant to Administrative Code of City of NY § 7-201 (c) (2), was also correctly submitted to the jury (see Patterson v City of New York, 1 AD3d 139 [2003]; Vasquez v City of New York, 298 AD2d 187 [2002]).
We see no basis for disturbing the jury’s finding that plaintiff was not negligent.
*680 We note that the City not only failed to offer expert testimony as to damages or to contradict plaintiffs evidence as to damages, but also conceded the severity of plaintiff’s injuries and invited the jurors to feel his pain, an invitation they apparently accepted. Nonetheless, we find that the award for past and future pain and suffering deviates materially from reasonable compensation to the extent indicated (see CPLR 5501 [c]; compare Rivera v New York City Tr. Auth., 92 AD3d 516 [2012]; Alicea v City of New York, 85 AD3d 585 [2011]; Hopkins v New York City Tr. Auth., 82 AD3d 446 [2011]; Ruiz v New York City Tr. Auth., 44 AD3d 331 [2007]). Concur — Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ.