Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 29, 2012, which denied plaintiffs motion to set aside the jury verdict awarding him $75,000 and $35,000 for past and future pain and suffering, respectively, as inadequate, unanimously reversed, on the facts, without costs, the motion granted, and the matter remanded for a new trial as to such damages, unless defendant stipulates, within 30 days of service of a copy of this order with notice of entry, to increase the awards for past and future pain and suffering to $500,000 and $450,000, respectively, and to entry of judgment in accordance therewith.
As a result of a fall, plaintiff suffered severe injuries to his left leg, including a pilón fracture, which is a “limb threatening injury,” crushing the ankle, as well as a multi-fragmented, com-minuted fracture to the tibia. Such a fracture injures not only the bone but also the surrounding tissues, including nearby ligaments, tendons, veins, arteries, and nerves. Elaintiff also sustained a spiral fracture to the fibula, near the knee. He underwent a surgery involving open reduction and internal fixation, and a second surgery to remove the hardware. Elaintiff’s injuries required rehabilitation and have resulted in permanent arthritis, tendonitis, and the potential need for future procedures.
A “good recovery” from the two surgeries for these severe injuries, and plaintiffs luck in escaping disabling pain, does not equate to an absence of pain and suffering. The last time *492 plaintiff saw his orthopedic surgeon, Dr. Weiner, was in the fall of 2011, about 8 to 10 months before trial. He reported that he still experienced pain when walking on uneven surfaces, where his ankle twists, and when he walks or stands for more than 15 or 20 minutes. He also testified that he still feels pain in his leg. Moreover, Dr. Weiner stated that plaintiff is manifesting some problems with motion, weakness of tendons with inflammation, and that, if arthritis progresses as he expects it will, plaintiff will need future procedures.
Given the severity of plaintiff’s injuries and the ongoing problems and expected future limitations, the amounts awarded for past and future pain and suffering are inadequate, deviating materially from what would be reasonable compensation (see e.g. Rivera v New York City Tr. Auth., 92 AD3d 516 [1st Dept 2012]; Orellano v 29 E. 37th St. Realty Corp., 4 AD3d 247 [1st Dept 2004], lv denied 4 NY3d 702 [2004]). Concur — Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.