Martinez v Metropolitan Transp. Auth. (2018 NY Slip Op 02028)





Martinez v Metropolitan Transp. Auth.


2018 NY Slip Op 02028


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6088 300995/07

[*1]Yvette Martinez, Plaintiff-Respondent,
v
Metropolitan Transportation Authority, et al., Defendants-Appellants, "John Doe," Defendant.


Lawrence Heisler, Brooklyn (Anna J. Ervolina of counsel), for appellants.
William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered April 11, 2016, upon a jury verdict awarding plaintiff $300,000 for past pain and suffering, $1.5 million for future pain and suffering, $300,000 for future medical expenses, and $107,000 for past lost earnings, unanimously modified, on the law and the facts, to vacate the awards for past lost earnings, future medical expenses and future pain and suffering, and to remand the matter for a new trial of damages for future medical expenses and future pain and suffering, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the awards for future medical expenses to $260,000 and future pain and suffering to $900,000, and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
The verdict in plaintiff's favor is supported by sufficient evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498 [1978]). The jury could rationally have concluded that from her vantage point the bus driver could have seen the pothole in the street at the bus stop and that defendants' duty to stop the bus at a place where plaintiff could disembark safely was breached (see Archer v New York City Tr. Auth., 25 AD3d 351, 352 [1st Dept 2006], citing Malawer v New York City Tr. Auth., 18 AD3d 293 [1st Dept 2005], affd 6 NY3d 800 [2006]; Engram v Manhattan & Bronx Surface Tr. Operating Auth., 190 AD2d 536 [1st Dept 1993]).
The verdict is also supported by the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). The conflict between plaintiff's testimony that she stepped into a pothole while exiting the bus and the testimony of two witnesses that plaintiff slipped and fell as she attempted to step onto the curb merely presented an issue of credibility for the jury to resolve.
Plaintiff failed to establish her past lost earnings with reasonable certainty since her testimony was unsubstantiated by tax returns, W-2 forms, or other documentation (Orellano v 29 E. 37th St. Realty Corp., 4 AD3d 247 [1st Dept 2004], lv denied 4 NY3d 702 [2004]; cf. Kane v Coundorous, 11 AD3d 304, 305 [1st Dept 2004] [plaintiff's testimony about lost earnings sufficient where defendants "expressly declined to challenge such testimony by the use of the W-2 forms in their possession"]).
The award for future medical expenses is excessive to the extent indicated (see CPLR 5501[c]; see e.g. Togut v Riverbay Corp., 114 AD3d 535, 536 [1st Dept 2014]), as is the award [*2]for future pain and suffering (see Rivera v New York City Tr. Auth., 92 AD3d 516 [1st Dept 2012]; Alicea v City of New York, 85 AD3d 585 [1st Dept 2011]; Lowenstein v Normandy Group, LLC, 51 AD3d 517, 518 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK