Defay v City of New York (2019 NY Slip Op 05325)





Defay v City of New York


2019 NY Slip Op 05325


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9784 20299/17E

[*1]Sandra E. Defay, Plaintiff-Respondent,
v
The City of New York, Defendant-Respondent, Metropolitan Transportation Authority, et al., Defendants, New York City Transit Authority, Defendant-Appellant.


Krez & Flores, LLP, New York (Jonathan Goldsmith of counsel), for appellant.
Falk & Klebanoff PC, West Hempstead (Lawrence B. Goodman of counsel), for Sandra E. Defay, respondent.
Zachary W. Carter, Corporation Counsel, New York (Eva L. Jerome of counsel), for The City of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered November 2, 2018, which, inter alia, denied the motion of defendant New York City Transit Authority (NYCTA) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
NYCTA's motion was properly denied since the record presents triable issues of fact as to whether NYCTA breached its duty as a common carrier to provide plaintiff with a safe place to board the bus (see Archer v New York City Tr. Auth., 25 AD3d 351 [1st Dept 2006]; Malawer v New York City Tr. Auth., 18 AD3d 293, 294-295 [1st Dept 2005], affd 6 NY3d 800 [2006]). The record shows that the bus stopped seven or eight feet from the curb adjacent to the bus stop, with a pothole, into which plaintiff fell, in the path that passengers would take walking from the sidewalk to board the bus. The fact that approximately 10 other passengers safely boarded the bus at the same time that plaintiff fell in the hole while attempting to board does not entitle NYCTA to summary judgment (see Bruno v Port Auth. of N.Y. & N.J., 157 AD3d 444 [1st Dept 2018]).
We have considered NYCTA's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK