Thomas v New York City Hous. Auth. (2020 NY Slip Op 01001)





Thomas v New York City Hous. Auth.


2020 NY Slip Op 01001


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


311416/11 10888A 10888

[*1] Calvin E. Thomas, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Howard H. Sherman, J., and a jury), entered on or about July, 31, 2018, apportioning fault as 67% against defendant and awarding plaintiff $70,000 for past pain and suffering, $0 for future pain and suffering, and $0 for future medical expenses, unanimously modified, on the facts, to vacate the award for past and future pain and suffering and remand the matter for a new trial on damages for past and future pain and suffering, unless defendant stipulates, within 30 days after entry of this order, to increase the award for past pain and suffering to $275,000 and the award for future pain and suffering to $100,000, and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 17, 2018, which denied plaintiff's motion to set aside the damages portion of the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The jury's award of damages for past pain and suffering deviates materially from what would be reasonable compensation (see CPLR 5501[c]). Plaintiff sustained a bimalleolar ankle fracture and underwent two surgeries, the first involving implantation of hardware in the ankle and the second involving arthroscopy and removal of the hardware and some scar tissue. Comparing this matter to similar cases (see Donlon v City of New York, 284 AD2d 13, 18 [1st Dept 2001]; Garcia v Queens Surface Corp., 271 AD2d 277 [1st Dept 2000]), we find that $275,000 is reasonable compensation (see e.g. Martinez v Metropolitan Transp. Auth., 159 AD3d 584 [1st Dept 2018]; Harrison v New York City Tr. Auth., 113 AD3d 472 [1st Dept 2014]; Hopkins v New York City Tr. Auth., 82 AD3d 446 [1st Dept 2011]).
The award for future damages also deviates materially from what would be reasonable compensation (CPLR 5501[c]). Defendant's expert agreed that plaintiff's injury is permanent and that he has developed arthritis in his left ankle, which may require treatment in the future, [*2]including the possibility of an ankle replacement. In light of the foregoing, we find that $100,000 for future pain and suffering is reasonable compensation
(see e.g. Grinberg v C & L Contr. Corp., 107 AD3d 491 [1st Dept 2013]; Alicea v City of New York, 85 AD3d 585 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK