Deguilme v New York City Tr. Auth. (2022 NY Slip Op 05749)

Deguilme v New York City Tr. Auth.

2022 NY Slip Op 05749

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, JJ. 

Index No. 150270/14 Appeal No. 16405 Case No. 2021-02464 

[*1]Laurence Deguilme, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants.

Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Pavlounis & Sfouggatakis, LLP, Brooklyn (Michael T. Altman of counsel), for respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered June 28, 2021, upon a jury verdict apportioning liability 80% against defendants and 20% against plaintiff, awarding plaintiff $740,000 for past pain and suffering, $260,000 for past lost earnings, and $315,000 for future pain and suffering before apportionment, and bringing up for review an order, same court and Justice, entered on or about January 9, 2020, which denied defendants' motion to set aside so much of the verdict awarding $260,000 for past lost earnings, unanimously affirmed, without costs.
The verdict on liability was supported by legally sufficient evidence and was not against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 745-746 [1995]). The jury could reasonably find that defendants were negligent based on evidence adduced at trial that the articulated bus was not fully in the lane adjacent to the bus lane when its rear section struck plaintiff while he was conducting official business in the bus lane with his emergency lights activated. Plaintiff's decision to reenter his vehicle while the bus was passing by was not so extraordinary or unforeseeable as to constitute a superseding cause of the accident that served to relieve defendants of liability (see Kush v City of Buffalo, 59 NY2d 26, 32-33 [1983]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]).
The awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; see Rivera v New York City Tr. Auth., 92 AD3d 516 [1st Dept 2012]). Plaintiff sustained a significant bimalleolar fracture requiring surgical fixation with hardware, and subsequently underwent a second surgery when the hardware shifted in order to remove them and to repair tendon damage. Plaintiff also sustained hand lacerations and multiple hand fractures, resulting in loss of grip strength.
Plaintiff's uncontested testimony as to his earnings before the accident, and the testimony of his treating physician and experts that he could no longer perform his prior job activities as an inspector for the New York City Taxi and Limousine Commission, were sufficient to support the award for past lost earnings (see Kane v Coundorous, 11 AD3d 304, 305 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022