■ VINCENT LENTINO, an Infant, by His Father and Natural Guardian, JOSEPH LENTINO, et al., Respondents, v ROSEDALE GARDENS, INC., Appellant, and DAI SECURITY SERVICES, INC., Respondent.—Judgment, Supreme Court, Bronx County, entered June 28, 1979, is unanimously modified, on the law, to the extent that the first, second and fourth decretal paragraphs of the judgment are vacated, and the verdict is vacated insofar as it finds in favor of plaintiffs against defendant Rosedale Gardens, Inc., and a new trial is ordered as between plaintiffs and defendant Rosedale Gardens, Inc.; and a severance is directed as

to the surviving third decretal paragraph of the judgment granting defendant DAI Security Services, Inc., judgment against the plaintiffs; and the judgment is otherwise affirmed, with costs to defendant-respondent DAI as against defendant Rosedale, and, with costs to abide the event as between plaintiffs and defendant Rosedale. This is a personal injury action arising out of the infant plaintiff being struck by a bicycle on a walkway on the grounds of the co-operative apartment property owned by Rosedale Gardens, Inc. There were four possible participants in the accident, i.e., the infant plaintiff Vincent Lentino who ran out of the play area to get a ball, the boy who was riding the bicycle (who was not named as a defendant and who was a chief witness for plaintiffs), Rosedale Gardens, Inc., and DAI Security Services, Inc., employed by Rosedale. It was at least arguable that any one or more of these four may have been negligent, or that the negligence of any particular party was not the proximate cause of the accident whether or not anyone else was negligent. Nevertheless, the trial court, although requested to do so, did not charge the jury as to the issue of proximate cause. This failure was again objected to after the charge. (The charge should also have covered concurrent cause.) This omission in our view is the most serious error which requires a new trial. In addition, the court failed to charge as to burden of proof or preponderance of the evidence. The written requests to charge submitted by defendant Rosedale just before summations contained a request for such a charge. But the court said that it would not read these requests to charge. There was no specific exception to the omission to charge on this point but it is a very serious omission to charge. The court at the beginning of the trial did instruct the jury as to burden of proof; but this was 10 days before the case was finally submitted to the jury. While the court several times gave a proper definition of negligence, it did at one point improperly expand the definition of negligence saying: "Did Rosedale Gardens do all they could have done under the circumstances to prevent bicycle riding?" This was excepted to. The test of course is not whether the defendant did all it "could have done" but whether it exercised ordinary reasonable care in the circumstances. Reversing a judgment in *Zito v Friedman* (77 AD2d 514, 515), we said: "Were we not dismissing, we would have reversed for fundamental errors in the charge, requiring a new trial, at the very least. The charge omitted to instruct as to burden of proof * * * as to proximate cause". It follows that the case must be retried as between plaintiffs and Rosedale. With respect to defendant DAI Security Services, Inc., the situation is somewhat different. The jury rendered a verdict in favor of DAI with an express finding that "DAI Security is not guilty of negligence." As the errors in the charge were unduly favorable to the plaintiffs, they do not affect the validity of this verdict for defendant DAI Security. Further, there being a finding that DAI Security was not negligent, there remains no issue of proximate cause as to DAI's freedom from liability. And as DAI's indemnification agreement to Rosedale only covered damages "caused in part or whole by the negligence of DAI," the jury's finding that DAI was not negligent absolves DAI of any obligation to indemnify Rosedale. Accordingly, the judgment in favor of DAI is affirmed. Concur —Kupferman, J. P., Birns, Silverman, Bloom and Carro, JJ.