(May 2, 1989)

■ Philip M. Damashek, P. C., Appellant-Respondent, v Wang Laboratories, Inc., Respondent-Appellant.—Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered on or about April 23, 1987, which, after jury trial, found in favor of the defendant and dismissed the complaint, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the complaint reinstated and the matter remanded for a new trial.

Plaintiff corporation purchased a computer system from defendant. The system was installed in April 1981. During the ensuing months, the system became inoperative on numerous occasions. Although defendant serviced the system and replaced many components, problems persisted. Plaintiff contends that the disk drive was defective, while defendant maintains that the electrical supply was "dirty" and caused the system to fail, a situation for which defendant could not be held accountable.

When by November 1981, the system was still not functioning properly, plaintiff commenced the present action, seeking damages for breach of implied warranty of merchantability, and for breach of an alleged oral servicing agreement. On December 17, 1981, after service of the complaint, defendant delivered a new disk drive. This disk drive was never installed, but was removed, together with all of the other equipment, to storage.

After trial, the jury, in answering special interrogatories, found that the original disk drive was unfit for its ordinary purpose, but that this breach of warranty was not the proximate cause of any damages. The jury responded in the negative to the compound question whether a service contract

151

existed, and whether the contract had been breached. At the foot of the verdict sheet, the jury, not responding to any interrogatory, wrote that it believed that plaintiff should be permitted to retain the computer equipment, including the replacement disk drive, without any further payment to defendant.

We do not find the jury's verdict inconsistent. The jury might have found that any defect in the disk drive was promptly repaired by defendant, and that the continuing breakdowns were caused by "dirty" electricity. The jury might also have found that the delivery of the replacement disk drive was a "cure" within the meaning of UCC 2-508. Nor should damages be automatically recovered upon proof of a breach of warranty; there must also be proof of damages which are proximately caused by the breach. (See, UCC 2-314, Comment 13; 2-715 [2] [b]; *Wullschleger & Co. v Jenny Fashions,* 618 F Supp 373, 376.)

We cannot hold, as urged on appeal, that the jury found, contrary to the weight of the evidence, that no service contract existed. The compound question answered by the jury can be interpreted as meaning that a service contract did in fact exist, but that the contract was not breached by defendant.

Nevertheless, we reverse, because we are persuaded that the supplemental charge to the jury that the delivery of the replacement disk drive "would affect the issue of damages in this case" failed to adequately advise the jury of the law applicable to this case. We assume, for the purposes of this appeal, absent argument to the contrary, that delivery of goods which breach an implied warranty of merchantability constitutes the delivery of nonconforming goods for which the seller could effect a cure. Viewing the case in this manner, the jury should have been charged that any attempt to cure had to comply with the requirements of UCC 2-508, including the requirement that the cure be made within a reasonable time. Since the delivery of the replacement disk drive may have formed the basis for the jury's refusal to award damages, we cannot find that this error did not prejudice plaintiff.

We are also in agreement that the jury may have been confused by the court's refusal to advise the jury that the counterclaim for conversion had been dismissed. The notation made by the jury on the verdict sheet may reflect the jury's belief that they were in some fashion awarding damages by permitting the plaintiff to keep the replacement disk drive, a

matter which was no longer in the case. We concur with the trial court's dismissal of the counterclaim, since, among other reasons, we discern no basis in the evidence to permit a finding that plaintiff converted merchandise which was delivered either as an attempted cure, or in compliance with a servicing agreement to repair and replace defective parts.

The question as to whether the original contract was modified, so that a limited warranty contained therein to repair or replace defective parts applies to the facts of this case, or whether a new contract was made, so that an implied warranty of merchantability applies, raises questions of fact which should be determined upon a retrial. We note, however, in the latter instance, that even such a limited remedy, if it should apply in this case, may be avoided when the warrantor fails to correct a defect within a reasonable time. *(Beal v General Motors Corp.,* 354 F Supp 423; *Chatlos Sys. v National Cash Register Corp.,* 635 F2d 1081.)

To the extent that plaintiff failed to preserve objections to the supplemental charge we consider these issues in the exercise of discretion. Concur—Murphy, P. J., Carro, Asch and Smith, JJ.