■ ABDUL KALAM, Appellant, v K-METAL FABRICATIONS, INC., Respondent, et al., Defendant. K-METAL FABRICATIONS, INC., Third-Party Plaintiff-Respondent, v SOLID WASTE MANAGEMENT SYSTEMS, INC., Third-Party Defendant. [730 NYS2d 299] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered May 22, 2000, which, upon a jury verdict, dismissed plaintiff's complaint, dismissed the third-party complaint, and dismissed all cross claims and counterclaims of third-party defendant, unanimously reversed, on the law, without costs, and the matter remanded to the Supreme Court, Bronx County, for a new trial.

Plaintiff testified at trial that he was injured when, at his employer's request, he attempted to retrieve a pen which was stored on a ledge inside a compactor machine. Defendant and third-party plaintiff K-Metal Fabrications, Inc. (K-Metal) manufactured the machine and third-party defendant Solid Waste Management Systems, Inc. (Solid Waste) distributed it. Plaintiff's expert testified that the accident would not have happened if a safety guard were properly in place on the compactor. The jury found that although the compactor was defectively designed, the actions of K-Metal were not a substantial cause of plaintiff's injuries.

Since the evidence adduced at trial supports a finding that there was more than one proximate cause of plaintiff's injuries and the trial court had given the jury a charge on proximate cause (PJI 2:70 [first sentence]) and apportionment (PJI 2:275), the court erred in denying plaintiff's request for a concurrent causes charge (PJI 2:71; *see*, *Lentino v Rosedale Gardens*, 79 AD2d 554). This Court also notes that because the trial court

charged apportionment, it should have also charged the second sentence of PJI 2:70 as follows: "Whether the negligence of a particular party was a substantial factor in causing an injury does not necessarily depend on the percentage of fault that may be apportioned to that party."

In addition, the trial court should have given an interested witness charge where several of the witnesses were former employees alleged to have been involved in the underlying negligence or had a financial interest in either K-Metal or Solid Waste (*see, Coleman v New York City Tr. Auth.*, 37 NY2d 137, 142-143).

As these errors cannot be considered harmless (*cf., Philip M. Damashek, P. C. v Wang Labs.*, 150 AD2d 151, 152), the matter is remanded, and a new trial ordered. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.