■ SULAY L., an Infant, by her Mother and Natural Guardian, JANNY PAULINO, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [9 NYS3d 39]—

Order, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered July 3, 2012, which granted defendants' motion for judgment during trial, unanimously reversed, on the law, without costs, and the verdict reinstated.

The Court notes at the outset that, as a practical matter, it was unnecessary for the trial court to issue its decision granting defendants' CPLR 4401 motion, after the jury had returned a verdict in defendants' favor (*see* Siegel NY Prac § 405 at 709-710 [5th ed 2011]). Nevertheless, upon a review of the motion on its merits, viewing the evidence presented in a light most favorable to plaintiffs (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), we cannot say that there was no rational basis on which the jury could have found in plaintiffs' favor (*see e.g. Vera v Knolls Ambulance Serv.*, 160 AD2d 494, 495 [1st Dept 1990]). It was improper for the trial court to resolve an issue of fact as to whether the infant plaintiff so suddenly or immediately entered the path of the bus that it was too close to avoid striking her, when plaintiffs' expert testified to the contrary. If the jury believed plaintiffs' expert's testimony, the jury could have rationally found that defendant bus operator had enough time from when infant plaintiff entered his view to stop the bus before striking her leg.

As to whether a new trial should be granted because the verdict was against the weight of the evidence, "[t]he standard for making th[is] determination . . . [is] whether the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (*Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks and brackets omitted]). Here, there was sufficient evidence from which the jury could conclude that the driver was not negligent. Defendant bus operator testified that the infant plaintiff darted into the street in a "split second"

before the impact occurred. The infant plaintiff's grandmother testified that the infant ran into the street at a point where defendants' bus was nearly "on top of her" and two nonparty witnesses confirmed that the infant darted out in front of the bus seconds before it hit her. Issues raised by plaintiffs as to the witnesses' credibility "are for the jury and its resolution of such issues is entitled to deference" (*Haiyan Lu v Spinelli*, 44 AD3d 546, 546 [1st Dept 2007], *lv denied* 10 NY3d 716 [2008]).

The trial court did not err in failing to instruct the jury that there can be more than one proximate cause of an accident or injury (PJI 2:70 [second sentence]; PJI 2:71). Although the court mistakenly stated that it was prohibited from making any changes to the charge after summations had begun (CPLR 4110-b clearly states "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto *before the jury retires*" [emphasis added]), it cannot be said that the concurrent causes charge was required in this case.

Defendants' argument in summation that the infant plaintiff's grandmother (a nonparty) was a proximate cause of the accident because she let go of the child's hand and/or did not have the child in a stroller,* is not a sufficient basis, on its own, to find that the failure to charge concurrent causes constitutes reversible error. There is no evidence in the record of juror confusion or any indication that the jury wanted to apportion fault between the driver and the grandmother, but was unable to do so because of the specific questions presented on the verdict sheet (*see Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 221 [1st Dept 2007] [citing juror confusion as a consideration in deciding adequacy of charge]). In fact, the record reflects that the jury did not send out any notes during its deliberations. The jury only reached the first question on the verdict sheet, which asked whether defendant bus operator was negligent in operating his bus. The jury unanimously answered, "No."

Plaintiffs' argument that the jury was misled to believe that the grandmother was negligent, but that it was not permitted to apportion fault between the grandmother and the driver, is speculative at best. To the extent that the jury may have been influenced by defendants' argument, during summation, regarding the grandmother's role in the accident, plaintiffs' counsel was afforded wide latitude in his summation to rebut defendants' argument and point out that the grandmother's negligence, if any, was not at issue in this case. *Kalam v*

---

* The grandmother testified to these facts on cross-examination without objection from plaintiffs' counsel.

*K-Metal Fabrications* (286 AD2d 603 [1st Dept 2001]), cited by plaintiffs, does not warrant a different result. Although the *Kalam* Court found that the failure to charge PJI 2:71 (concurrent causes) was reversible error, in that case, unlike here, the trial court had given the jury a charge on apportionment (PJI 2:275), as there was more than one defendant on the verdict sheet.

With regard to plaintiffs' *Batson* challenge, the record fails to create an "inference sufficient to establish a prima facie case of discrimination" (*People v Bolling*, 79 NY2d 317, 323-324 [1992]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.