■ JENISE JETT, Appellant, v CITY OF NEW YORK et al., Respondents. [34 NYS3d 424]—

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 1, 2015, after a jury trial, upon a verdict in favor of defendants, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.

The trial court did not improvidently exercise its discretion in refusing to discharge a juror who expressed concern about continuing deliberations, in the absence of evidence that he was "unable to perform the duties of a juror" (CPLR 4106). After plaintiff's counsel suggested "that we tell the jury to come back on Monday," the juror agreed to return to continue deliberations.

However, we find that the trial court's failure to charge defendant 120-22 West 139th Street Tenant Association's former superintendent as an interested witness constitutes reversible error (*see Kalam v K-Metal Fabrications*, 286 AD2d 603, 604 [1st Dept 2001]). As a former employee of a party and participant in the accident, who was charged with creating an icy condition by hosing down the sidewalk on a freezing day, the

former superintendent was an interested witness (*see Coleman v New York City Tr. Auth.*, 37 NY2d 137, 141-142 [1975]; *Lowenstein v Normandy Group, LLC*, 51 AD3d 517, 518-519 [1st Dept 2008]; *cf. Norton v Port Auth. of N.Y. & N.J.*, 94 AD3d 677 [1st Dept 2012]). The court's general charge on the assessment of credibility and determination as to whether a witness is an interested one is not a substitute for an interested witness charge. Given the pivotal role that the witness's testimony played in defendants' case, which pitted his reliability against that of an alleged eyewitness, the error was not harmless. Concur—Mazzarelli, J.P., Acosta, Saxe, Kapnick and Kahn, JJ.