Rueda v Elmhurst Woodside, LLC (2020 NY Slip Op 05789)





Rueda v Elmhurst Woodside, LLC


2020 NY Slip Op 05789


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-01983
 (Index No. 25905/08)

[*1]Luz Rueda, appellant, 
v
Elmhurst Woodside, LLC, et al., respondents, et al., defendant.


Souren A. Israelyan, New York, NY, for appellant.
French & Casey, LLP, New York, NY (Joseph A. French and Sarah A. Trepel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Martin E. Ritholtz, J.), entered December 16, 2016. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendants Elmhurst Woodside, LLC, and First Queens Management dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when the ceiling at The Make Up Shop, her place of employment, partially collapsed. She commenced this action against, among others, Elmhurst Woodside, LLC, and First Queens Management (hereinafter together the defendants), the owner and the management company of the building where the accident occurred, respectively. The plaintiff moved for a unified trial on the issues of liability and damages, arguing that those issues were inextricably intertwined. The Supreme Court denied the motion. After a trial on the issue of liability, the jury rendered a verdict in favor of the defendants, and a judgment was entered accordingly. The plaintiff appeals.
"Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42[a]; see Castro v Malia Realty, LLC, 177 AD3d 58, 66; see also CPLR 603, 4011). However, "neither the statewide rule nor the governing precedent absolutely requires that the trial of a personal injury action be bifurcated" (Castro v Malia Realty, LLC, 177 AD3d at 66). Rather, as this Court has recently emphasized: "Although bifurcation is encouraged in appropriate settings, bifurcation is not an absolute given and it is the responsibility of the trial judge to exercise discretion in determining whether bifurcation is appropriate in light of all relevant facts and circumstances presented by the individual cases" (id.). Accordingly, "[t]he decision whether to conduct a bifurcated trial rests within the discretion of the trial court, and should not be disturbed absent an improvident exercise of discretion" (Wright v New York City Tr. Auth., 142 AD3d 1163, 1163 [internal quotation marks omitted]; see Castro v Malia Realty, LLC, 177 AD3d at 63).
Here, the plaintiff failed to demonstrate that evidence regarding the nature and extent of her injuries was probative of the question of liability (see Wright v New York City Tr. Auth., 142 [*2]AD3d at 1164; Parris v New York City Tr. Auth., 140 AD3d 938, 939; Patino v County of Nassau, 124 AD3d 738, 740; Fetterman v Evans, 204 AD2d 888, 889-890). Under the circumstances, we decline to disturb the Supreme Court's determination to deny the plaintiff's motion for a unified trial.
The plaintiff argues that the Supreme Court improvidently exercised its discretion in refusing to give an interested witness charge with respect to nonparty witness Lucia Sanchez, the owner of The Make Up Shop, and several of Sanchez's nonparty employees. These contentions are without merit. The plaintiff did not present any evidence that Sanchez's employees were involved in the negligence alleged in this action (see Coleman v New York City Tr. Auth., 37 NY2d 137, 142; Singh v Arbor Prop. Trust, 12 AD3d 660, 661; cf. Jett v City of New York, 140 AD3d 511, 512; Kalam v K-Metal Fabrications, 286 AD2d 603, 604). Furthermore, at the time of trial, there was no evidence that Sanchez "had any interest, financial or otherwise, in the outcome of the case" (Schonfeld v Brody, 220 AD2d 572, 573; Coleman v New York City Tr. Auth., 37 NY2d at 142). Under the circumstances, we decline to disturb the court's determination to deny the plaintiff's request for the missing witness instructions.
The plaintiff further contends that the Supreme Court erred in failing to poll the jury. However, the plaintiff failed to "request[ ]" a jury poll or otherwise raise that issue before the jury exited the courtroom (Duffy v Vogel, 12 NY3d 169, 174; see Holstein v Community Gen. Hosp. of Greater Syracuse, 20 NY3d 892, 893; Giannattasio v Han Suk Kang, 84 AD3d 728, 729; see also Peat v Fordham Hill Owners Corp., 110 AD3d 643, 644).
The plaintiff's remaining contentions either are without merit or do not warrant reversal.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court