Mancellari v Church of Ascension (2020 NY Slip Op 06770)





Mancellari v Church of Ascension


2020 NY Slip Op 06770


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-07877
 (Index No. 16797/11)

[*1]Edison Mancellari, appellant, 
v
Church of Ascension, defendant, Preserve Building Restoration Management Incorporated, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Joseph Laird, Patrick J. Lawless, and I. Elie Herman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 14, 2016. The judgment, upon a jury verdict in favor of the defendants and against the plaintiff on the issue of liability, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while performing roofing work. Following a trial, the jury found that although the defendants violated Labor Law § 240(1), the violation was not a substantial factor in causing the incident, and that the plaintiff was the sole proximate cause of the accident. A judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
The determination that a verdict is contrary to the weight of the evidence "is itself a factual determination based on the reviewing court's conclusion that the original trier of fact has incorrectly assessed the evidence" (Cohen v Hallmark Cards, 45 NY2d 493, 498). A jury verdict should not be set aside as contrary to the weight of the evidence unless it "could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Killon v Parrotta, 28 NY3d 101, 107).
Where an accident is caused by a violation of Labor Law § 240(1), the plaintiff's own negligence does not furnish a defense; however, there can be no liability under Labor Law § 240(1) where the plaintiff's own actions are the sole proximate cause of the accident (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290). To recover damages for a violation of Labor Law § 240(1), a plaintiff must establish that the statute was violated and that such violation was a proximate cause of the injury (see Barreto v Metropolitan Transp. Auth., 25 NY3d at 433; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 287).
Here, as it cannot be said that the jury's verdict could not have been reached on any fair interpretation of the evidence, the verdict was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746; Luna v 4300 Crescent, LLC, 174 AD3d 881, 884).
The plaintiff's remaining contentions are unpreserved for appellate review.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court