Arroyo v Derfner Mgt., Inc. (2021 NY Slip Op 00826)





Arroyo v Derfner Mgt., Inc.


2021 NY Slip Op 00826


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-09099
2019-08205
 (Index No. 15164/12)

[*1]Roy Arroyo, et al., appellants, 
v
Derfner Management, Inc., et al., respondents.


Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, and Parker Waichman LLP [Jay L.T. Breakstone], of counsel), for appellants.
Dorf & Nelson, LLP, Rye, NY (Stephanie K. McDougall and Steven A. Lavietes of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered May 22, 2018, and (2) a judgment of the same court entered September 28, 2018. The order denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The judgment, upon the jury verdict, and upon the order, is in favor of the defendants and against the plaintiffs, in effect, dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Roy Arroyo (hereinafter the injured plaintiff) allegedly was injured when he fell while descending the stairway inside the apartment building in which he resided. The building was owned and maintained at that time by the defendants. The plaintiffs commenced this personal injury action against the defendants, alleging that the injured plaintiff fell because the terrazzo tread on the seventh step down from the first floor landing was loose. Following the liability portion of a bifurcated trial, the jury found that the defendants were negligent, but that their negligence was not a substantial factor in causing the accident.
The plaintiffs thereafter moved pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion and subsequently entered a judgment in favor of the defendants and against the plaintiffs, in effect, dismissing the complaint. The plaintiffs appeal.
For a court to conclude as a matter of law that a jury verdict is not supported by legally sufficient evidence, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499). A jury verdict should not be set aside as contrary to the weight of the evidence unless it could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746).
Contrary to the plaintiffs' contention, a valid line of reasoning and permissible inferences supported the jury's determination that the defendants were negligent, but that their negligence was not a substantial factor in causing the accident (see Cohen v Hallmark Cards, 45 NY2d at 499). Moreover, the jury's determination with respect to the defendants' liability was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746). The jury's determination that the defendants were negligent, but that their negligence was not a substantial factor in causing the accident, was not contrary to the weight of the evidence (see Moffett-Knox v Anthony's Windows on Lake, Inc., 126 AD3d 768, 769). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Garrett v Manaser, 8 AD3d 616, 617). Here, the jury could have reasonably concluded, based on the testimony and other evidence adduced at trial, that the defendants were negligent in maintaining the step at issue, but that said negligence was not a substantial factor in causing the accident. Accordingly, the jury's determination that the defendants' conduct was not a substantial factor in causing the accident was not contrary to the weight of the evidence.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court