Abelleira v City of New York (2022 NY Slip Op 00155)





Abelleira v City of New York


2022 NY Slip Op 00155


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-05821
 (Index No. 28425/11)

[*1]Fernando Abelleira, et al., appellants, 
v
City of New York, et al., respondents.


Michael Gunzburg, P.C., New York, NY (Susan R. Nudelman of counsel), for appellants.
Goldberg Segalla LLP (William T. O'Connell and Shaub Ahmuty Citrin & Spratt LLP, Lake Success, NY [Timothy R. Capowski, John F. Watkins, and Jennifer A. Graw], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Peter J. Sweeney, J.), entered April 15, 2019. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of the plaintiffs' motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiffs, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In 2011, the plaintiff Fernando Abelleira (hereinafter the plaintiff), and his wife suing derivatively, commenced this personal injury action seeking to recover damages for personal injuries that arose out of an accident at a construction project undertaken by the defendants, City of New York and New York City Department of Environmental Protection, involving the installation of sewer pipes in Brooklyn (hereinafter the construction project). The plaintiff alleged that, in September 2010, he was pressure testing a sewer pipe for leaks at the construction project when a plug in the pipe exploded, causing him to sustain personal injuries. As is relevant to this appeal, the plaintiff alleged violations of Labor Law § 200 and common-law negligence, and his wife asserted
a cause of action for loss of services.
In an order dated August 6, 2018, the Supreme Court, inter alia, denied the defendants' motion for summary judgment, in effect, dismissing the complaint. Thereafter, a jury trial on the issue of liability resulted in a verdict in favor of the defendants. Specifically, the jury found that the defendants did not have the authority to supervise or control the work that led to the plaintiff's accident. The court later denied the plaintiffs' motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. On April 15, 2019, a judgment was entered in favor of the defendants and against the plaintiffs, in effect, dismissing the complaint. The plaintiffs appeal.
Recovery against an owner or general contractor for common-law negligence or a [*2]violation of Labor Law § 200 for a claim that involves the manner in which the work is performed is available only if it is shown that the defendant had the authority to supervise or control the performance of the work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Ortega v Puccia, 57 AD3d 54, 62). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62; see Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1092). "[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (Banscher v Actus Lend Lease, LLC, 132 AD3d 707, 709 [internal quotation marks omitted]; see Guallpa v Canarsie Plaza, LLC, 144 AD3d at 1092).
Here, based on the evidence presented at trial, the jury reasonably could have concluded that the defendants did not have the authority to supervise or control the performance of the work which led to the plaintiff's injuries (see Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d 592, 593; Ortega v Puccia, 57 AD3d at 61). Accordingly, there was legally sufficient evidence to support the jury's verdict in favor of the defendants on the issue of liability (see Cohen v Hallmark Cards, 45 NY2d 493, 499; Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d at 593). Moreover, the jury's verdict is supported by a fair interpretation of the trial evidence, and thus, the verdict was not contrary to the weight of the evidence (see Arroyo v Derfner Mgt., Inc., 191 AD3d 747, 749; Mancellari v Church of Ascension, 188 AD3d 1031, 1031-1032).
The plaintiffs' remaining contentions do not warrant reversal or a new trial (see CPLR 2002; Rosenberg v Jing Jiang, 153 AD3d 744, 745).
DUFFY, J.P., BARROS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court