Marisova v Collins-Brewster (2024 NY Slip Op 00414)

Marisova v Collins-Brewster

2024 NY Slip Op 00414

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-05089
 (Index No. 517408/17)

[*1]Tamara Marisova, appellant, 
v
Jelani Collins-Brewster, et al., respondents.

Banilov & Associates, P.C. (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Nicholas Goodman & Associates, PLLC, New York, NY (H. Nicholas Goodman and Patrick L. Selvey, Jr., of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pamela L. Fisher, J.), entered May 26, 2022. The judgment, upon an order of the same court (Kenneth P. Sherman, J.) dated March 31, 2022, denying the plaintiff's motion for a unified trial on the issues of liability and damages, and upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the jury verdict is set aside, the complaint is reinstated, the plaintiff's motion for a unified trial on the issues of liability and damages is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new, unified trial on the issues of liability and damages.
On August 9, 2017, the plaintiff, a pedestrian, allegedly was injured when she was struck by a vehicle operated by the defendant Jelani Collins-Brewster (hereinafter the defendant driver) and owned by the defendant Cablevision Systems New York City Corporation, doing business as Altice Optimum. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, that the front bumper of the defendants' vehicle struck her right leg on the right side as she was crossing Brighton Beach Avenue, at its intersection with Ocean Parkway in Brooklyn, within a crosswalk. According to the defendant driver, he was making a left turn when the plaintiff walked into the side of his vehicle, making contact with the vehicle's fender between the front bumper and the front tire on the driver's side.
The plaintiff moved for a unified trial on the issues of liability and damages, contending that the nature of her injuries had an important bearing on the issue of liability. In support of the motion, the plaintiff submitted, inter alia, an affirmation of her treating orthopedic surgeon. The orthopedic surgeon opined that the location and pattern of the plaintiff's tibial plateau and fibula fractures demonstrated that she was struck on the right side of her right lower leg by the front bumper or front end of a vehicle while she was in front of it and that her injuries could not have been caused by walking into the side of a moving vehicle. The Supreme Court denied the plaintiff's motion. After a trial on the issue of liability, the jury rendered a verdict in favor of the defendants, and a judgment was entered accordingly. The plaintiff appeals.
Judges are encouraged to direct a bifurcated trial of the issues of liability and damages in any action to recover damages for personal injuries "where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42[a]; see Castro v Malia Realty, LLC, 177 AD3d 58, 63). "Although bifurcation is encouraged in appropriate settings, bifurcation is not an absolute given and it is the responsibility of the trial judge to exercise discretion in determining whether bifurcation is appropriate in light of all relevant facts and circumstances presented by the individual cases" (Castro v Malia Realty, LLC, 177 AD3d at 66; see Rueda v Elmhurst Woodside, LLC, 187 AD3d 955, 956). A unified trial is appropriate where the nature of the plaintiff's injuries has "an important bearing on the issue of liability" (Matthew H. v County of Nassau, 131 AD3d 135, 148; see Castro v Malia Realty, LLC, 177 AD3d at 63-64).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for a unified trial on the issues of liability and damages. The plaintiff and the defendant driver, the only witnesses to the accident, offered conflicting accounts of how the accident occurred, and the plaintiff demonstrated that evidence regarding the nature of her injuries was probative in determining how the accident occurred (see Castro v Malia Realty, LLC, 177 AD3d at 65-66; Pechersky v Queens Surface Corp., 18 AD3d 842, 843; Roman v McNulty, 99 AD2d 544, 544).
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new, unified trial on the issues of liability and damages.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court