Chiloyan v Chiloyan (2026 NY Slip Op 00874)

Chiloyan v Chiloyan

2026 NY Slip Op 00874

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01359
2023-08998
 (Index No. 150991/14)

[*1]Vanik Chiloyan, appellant, 
vEduard Chiloyan, respondent.

Law Office of Yuriy Prakhin, P.C. (Simon Q. Ramone, White Plains, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (April D. Adell and Karen H. Tommer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 29, 2022, and (2) an order of the same court dated March 13, 2023. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff was operating a van transporting passengers to the airport when he was involved in a collision with another vehicle at an intersection in Manhattan. The plaintiff alleges that as a result of the impact, he was ejected from the van, which then rolled on top of him. The van was owned and maintained at the time by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that he was caused to be ejected from the van due to the defendant's failure to equip the vehicle with a functional operator's seat belt. Following the liability portion of a bifurcated trial, the jury found that the defendant was negligent, but that his negligence was not a substantial factor in causing the plaintiff to be ejected from the van. On December 29, 2022, the Supreme Court issued a judgment in favor of the defendant and against the plaintiff dismissing the complaint. In an order dated March 13, 2023, the court denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The plaintiff appeals.
"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Chicoine v Mendola, 233 AD3d 841, 843). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556).
Here, viewing the evidence in the light most favorable to the defendant, and according him every favorable inference which may properly be drawn from the facts presented, there is a valid line of reasoning and permissible inferences which could lead rational individuals to the jury's conclusion that the defendant was negligent in failing to maintain, repair, or replace the seat belt, but that his negligence was not a substantial factor in causing the plaintiff to be ejected from the van (see Cohen v Hallmark Cards, 45 NY2d at 499). Although the jury concluded that the defendant was negligent, the jury could have rationally concluded, based upon the testimony and other evidence adduced at trial, that the defendant's negligence was not a substantial factor in causing the plaintiff to be ejected from the van because the plaintiff was not wearing the seat belt at the time of the accident.
Further, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 134). "A jury's finding that there was negligence, but that such negligence was not a proximate cause of the injury is inconsistent and, therefore, contrary to the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Sela v Katz, 165 AD3d 1191, 1193 [internal quotation marks omitted]; see Archer v City of New York, 204 AD3d 872, 873). "Thus, where there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (Bonomo v City of New York, 78 AD3d 1094, 1095).
Contrary to the plaintiff's contention, a finding of proximate cause did not inevitably flow from a finding of culpable conduct (see Cona v Dwyer, 292 AD2d 562, 563). Thus, the jury could have reasonably concluded, based upon the testimony and other evidence adduced at trial, that the defendant was negligent in maintaining the seat belt, but that the plaintiff did not use the seat belt, and, accordingly, the defendant's negligence was not a substantial factor in causing the plaintiff to be ejected from the van (see Arroyo v Derfner Mgt., Inc., 191 AD3d 747, 749). Although the plaintiff testified that he was wearing his seat belt at the time of the accident, "[i]t is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Harewood v Holmes, 163 AD3d 638, 638-639; see Bacchus v Restaurant Depot, LLC, 234 AD3d 903, 904). The record provides no basis for disturbing the jury's credibility determination, and the jury's determination with respect to the defendant's liability was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746). Accordingly, the jury's determination that the defendant's negligence was not a substantial factor in causing the plaintiff to be ejected from the van was not contrary to the weight of the evidence (see Arroyo v Derfner Mgt., Inc., 191 AD3d at 749; Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d 768, 769).
Contrary to the plaintiff's contention, the jury was properly charged on causation since the "charge as a whole conveyed the correct legal principles" (Manna v Don Diego, 261 AD2d 590, 591) and the record fails to establish the existence of substantial juror confusion occasioned by the Supreme Court's instructions that would warrant a new trial (see Young Mee Oh v Koon, 140 AD3d 861, 862; Casella v City of New York, 69 AD3d 549, 550; Mattei v Figueroa, 262 AD2d 459).
The Supreme Court properly permitted the testimony of two police witnesses, who [*2]testified about the police investigation of the accident. Since both witnesses were fact witnesses and not expert witnesses, the disclosure requirement of CPLR 3101(d)(1) was inapplicable (see O'Neil v Klass, 36 AD3d 677, 678; Sheppard v Blitman/Atlas Bldg. Corp., 288 AD2d 33, 35).
"[T]rial courts are accorded wide discretion in making evidentiary rulings and those rulings should not be disturbed on appeal absent an improvident exercise of discretion or a showing of prejudice to a substantial right pursuant to CPLR 2002" (Dyszkiewicz v City of New York, 218 AD3d 546, 550 [citation and internal quotation marks omitted]; see Traca v Catapano Engg. & Architecture, P.C., 237 AD3d 1134, 1135; 6 Harbor Park Dr., LLC v Town of N. Hempstead, 230 AD3d 721, 723). Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in refusing to permit the plaintiff to introduce a certain photograph into evidence on the plaintiff's case-in-chief. In any event, any error in precluding the plaintiff from introducing the photograph on his case-in-chief was harmless under the circumstances, as there is no indication that the evidence would have had a substantial influence on the result of the trial (see CPLR 2002; Dyszkiewicz v City of New York, 218 AD3d at 550-551; Division Seven, Inc. v HP Bldrs. Corp., 58 AD3d 796, 797).
The plaintiff's contention that the Supreme Court erred in denying his motion in limine for a unified trial is without merit. Judges are encouraged to direct a bifurcated trial on the issues of liability and damages in any action to recover damages for personal injuries "where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42[a]; see Marisova v Collins-Brewster, 223 AD3d 891, 892; Castro v Malia Realty, LLC, 177 AD3d 58, 63). "Although bifurcation is encouraged in appropriate settings, bifurcation is not an absolute given and it is the responsibility of the trial judge to exercise discretion in determining whether bifurcation is appropriate in light of all relevant facts and circumstances presented by the individual cases" (Castro v Malia Realty, LLC, 177 AD3d at 66; see Rueda v Elmhurst Woodside, LLC, 187 AD3d 955, 956). A unified trial is appropriate where the nature of the plaintiff's injuries has "an important bearing on the issue of liability" (Matthew H. v County of Nassau, 131 AD3d 135, 148; see Castro v Malia Realty, LLC, 177 AD3d at 63-64). "The decision whether to conduct a bifurcated trial rests within the discretion of the trial court, and should not be disturbed absent an improvident exercise of discretion" (Wright v New York City Tr. Auth., 142 AD3d 1163, 1163 [internal quotation marks omitted]; see Rueda v Elmhurst Woodside, LLC, 187 AD3d at 956; Castro v Malia Realty, LLC, 177 AD3d at 63).
Here, the plaintiff failed to demonstrate that evidence regarding the nature and extent of his injuries was probative of the issue of liability (see Wright v New York City Tr. Auth., 142 AD3d at 1164; Parris v New York City Tr. Auth., 140 AD3d 938, 939; Patino v County of Nassau, 124 AD3d 738, 740). Under the circumstances, we decline to disturb the Supreme Court's determination to deny the plaintiff's motion in limine for a unified trial (see Rueda v Elmhurst Woodside, LLC, 187 AD3d at 956).
The plaintiff's remaining contentions are without merit.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court